Mower et al. *v.* Warner.

LYMAN MOWER, SAMUEL W. PORTER, JONATHAN ATHERTON
AND MAJOR HAWLEY *v.* WILLIAM WARNER.

A petition to the supreme court for a new trial, where the reason assigned
is the discovery of new evidence, must, under the statute of this state, be
preferred, and the citation be served on the adverse party, within two years
from the rendition of final judgment in the county court; and, though the
case may have passed to the supreme court on exceptions, and the citation
be served within two years from the time the judgment was affirmed in
that court, it is not sufficient, if it exceed two years from the time of the
judgment in the county court.

The right of the petitionee to insist upon the dismissal of the petition for
such defect is not waived, though his motion to dismiss be not filed at the
term when the petition is entered.

PETITION for a new trial, assigning as a reason the discovery,
since the last trial in the case, of new and important testimony.

The citation was served Feb. 9, 1843, and was made returnable
to the February Term of the Supreme Court, 1843. The final ver-
dict in the case was obtained by the petitionee in the county court
at the November Term, 1840; the case then passed to the supreme
court on exceptions, and the judgment of the county court was
there affirmed at the February Term, (commencing Feb. 25,) 1841.
At the present term the petitionee filed a motion to dismiss the
petition, for the reason that it was not preferred, or the citation
served, within two years after the rendition of the final judgment in
the county court.

*L. B. Peck* in support of the motion to dismiss.

*Tracy & Converse* and *D. Kellogg* for petitioners.

The opinion of the court was delivered by

WILLIAMS, CH. J. The court are all agreed that the petition
must be dismissed. It is unnecessary to express the different views
of each member of the court on the several questions which have
been made. Applications for a new trial are regulated either by
the common law, or by statute. In the courts at Westminster Hall

Mower et al. *v.* Warner.

the motion therefor must be made within a limited number of days. In this state, by statute, the courts are empowered to grant new trials, agreeably to the usages of law, either on motion at the same term, or on petition at a subsequent term. But no new trial shall be granted, on petition, unless the citation be served on the adverse party within one year, if the reasons assigned be matter of law, and if the reasons be the discovery of new evidence, within two years, next after the rendition of the original judgment. Rev. St., c. 33, § 4, p. 210. The term, original judgment, we think, intends the judgment rendered by the county court. This is the judgment on which execution issues, unless stayed by order of court. This is the judgment to be affirmed, or reversed, by the supreme court, sitting as a court of errors only. For these reasons petitions for new trials have been sustained in the supreme court, while the case was still pending on exceptions.

The only question, about which any member of the court has had any doubt, is, whether the petitionee should not have pleaded the statute earlier, or be considered as having waived it. We do not discover any analogy to the statute of limitations. The statute *prohibits the court* from granting such trial, unless the citation is served within one year in the one case, and within two years in the other. The language of the statute is, *no new trial shall be granted.* The parties may insist on this objection at any time ; and the court would, of themselves, refuse the prayer of any petition, unless brought within the time fixed in the statute. The parties cannot waive it. The rights of the parties, and all interested directly or indirectly in the judgment, are vested and absolute at the expiration of the two years, and cannot be disturbed by any application for a new trial.

The judgment in this case was rendered at the November Term of the county court, in the year 1840, and the petition was not presented, nor the citation served, until February, 1843 ; it must, therefore, be dismissed, with costs.