## In Re George R. Clark's Estate.

### May Term, 1906.

Present:   Rowell, C. J., Tyler, Munson, Watson, and Powers, JJ.

Opinion filed June 12, 1906.

*Probate Court—Appeal—"Person Interested"—V. S. 2584.*

"A person interested," within the meaning of V. S. 2584 allowing an appeal from a decree of the probate court, is one who has some legal right, or is under some legal liability that may be enlarged or diminished by the decree.

An administrator *de bonis non*, who has been directed by the probate court to pay a sum of money to a certain person, is "a person interested" in a decree of the probate court appointing an administrator of the estate of the person to whom said payment is directed to be made but whom the administrator *de bonis non* claims is still alive, so that the administrator *de bonis non* is entitled to an appeal therefrom, under V. S. 2584.

Appeal, From a Decree of the Probate Court granting administration on the estate of George R. Clark and appointing an administrator thereof; Arthur G. Whitham, appellant; Lyman W. Redington, the administrator appointed, appellee.   Heard on appellee's motion to dismiss the appeal,

at the December Term, 1905, Windsor County, *Miles*, J., presiding.   Motion denied.   The appellee excepted.   The opinion states the case.

*Stickney, Sargent & Skeels* for the appellee.

The appellant has no right of appeal.   He is not "a person interested" in the decree appointing the administrator. *Woodward* v. *Spear*, 10 Vt. 420; *Hemmenway* v. *Corey*, 16 Vt. 225.

*Charles P. Tarbell* and *William Batchelder* for the appellant.

The appellant is so related to the matter in issue that he is liable to suffer pecuniary loss by the appointment of the appellee.   This makes him "a person interested," within the meaning of the statute, and entitles him to an appeal.   *Green* v. *Blackwell*, 32 N. J. Eq. 768; *In Re McKenner*, 23 La. 369.

A living person cannot be concluded by a decision of the probate court that he is dead.   As to him such a decree is absolutely void.   *Stevenson* v. *Superior Court etc.*, 62 Cal. 60; *Jochumsen* v. *Bank*, 3 Allen 87; *Thomas* v. *People*, 107 Ill. 517; *State* v. *Richmond*, 26 N. H. 239.

Rowell, C. J.   This is an appeal from a decree of the probate court for the district of Hartford, granting administration on said estate and appointing an administrator thereof. The statute is that "a person interested" in a decree of the probate court "who considers himself injured thereby," may appeal therefrom.   The question is whether the appellant has such an interest in said decree that he can appeal therefrom. His interest is, that as administrator *de bonis* with the will

annexed of the estate of Silas H. Clark, grandfather of the said George R. Clark, he has in his hands a large amount in money and securities, decreed by the probate court to be paid and delivered by him to the said George as his distributive share of the said Silas's estate.

The record of the probate court shows that the decree appealed from was made on the 8th day of February, 1905, at the verbal request of the heirs of the estate of the said George, late of Waddington, in the county of St. Lawrence and State of New York, deceased intestate, leaving estate in the district of Hartford. The appellant states in his application for an appeal that by diligent inquiry he has not been able to find the said George, to pay to him his said distributive share, and that he believes he was seen alive in 1901 by divers persons named, at divers times and places named, and in 1902 in the State of Montana by another person named; that by diligent search and inquiry he is unable to learn that the said George has since died; that if he is yet alive, the appellant would have no adequate means of protecting his own interest nor that of his sureties on his administration bond if he should turn over the funds and securities in his hands to the administrator of the estate of the said George; and therefore he prays for an appeal, that the question whether the said George is dead or not may be more fully tried and determined.

The case not coming within the statute for settling the estates of persons absent and unheard from for fifteen years, but standing on the general law authorizing probate courts to settle the estates of deceased persons, if it should turn out that the said George was alive at the time administration was granted on his estate and an administrator appointed, then that grant and appointment would be absolutely null and void from the beginning for all purposes whatsoever, because the pro-

bate court would be without jurisdiction of the subject-matter, and the whole proceeding without due process of law. This is authoritatively settled by *Scott* v. *McNeal,* 154 U. S. 34, commented upon and explained in *Cunnius* v. *Reading School District,* 198 U. S., page 472 and following.

This being so, it follows that if the appellant should pay the money and deliver the securities in his hands to this administrator, it would be no protection to him against the supposed intestate should he appear and assert his rights. And if he is dead, but died since the grant of this administration, such payment and delivery would be no protection against an administrator appointed since his death.

If this administrator should sue the appellant for the money and the securities, the appellant could deny the plaintiff's representative capacity. *Aldis* v. *Burdick,* 8 Vt. 21; *Perrin* v. *Granger,* 33 Vt. 101, 106; 2 Redf. on Wills, 107, pl, 5; *Wales* v. *Willard,* 2 Mass. 120, and cases commented upon in *Jochumsen* v. *Suffolk Savings Bank,* 3 Allen, page 90 and following.

It would seem, therefore, that he need not wait till he is sued, by which time his evidence may be dissipated, but that he may raise the question *in limine* by appealing from the appointment, for "a person interested" in a decree, within the meaning of the statute, is one who has some legal right, or is under some legal liability, that may be enlarged or diminished by the decree. This is shown by *Woodward* v. *Spear,* 10 Vt. 420, and *Hemmenway* v. *Clark,* 16 Vt. 225, where the appellants had no such interest, but claimed adversely to the estates. But here the appellant has such an interest and does not claim adversely to the estate, but only questions whether there is an estate, that he may properly protect the funds in

his hands, and save himself, if he can, from a twofold enlargement of his liability in respect of them.

*Affirmed and remanded.*