IN RE ENOCH VINCENT'S ESTATE.

October Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 4, 1911.

*Probate Court—Decree of Distribution—Appeal by Executor.*

Under P. S. 2973, providing that an interested party may appeal to the county court from a decree of the probate court, an executor has no right to appeal from a decree of the probate court distributing the testator's estate, for in such case the executor has no legal right that can be enlarged or diminished by the decree.

APPEAL of Hiram L. Sparrow, as executor of the last will and testament of Enoch H. Vincent, from a decree of the probate court distributing the testator's estate; the estates of Jane K. Somerville and Ella D. Collins, Appellees. Heard on appellees' motion to dismiss the appeal, at the March Term, 1910, Washington County, *Butler*, J., presiding. Motion to dismiss overruled. Hearing on an agreed statement of facts. Judgment affirming the decree of the probate court. Appellees excepted. *R. M. Harvey* and *E. M. Harvey* for the appellees.

The motion to dismiss should have been sustained. The executor has no such interest in the decree of distribution as gives him an appeal. *Woodward* v. *Spear*, 10 Vt. 420; *Hemenway* v. *Corey*, 16 Vt. 226; *In re Varnum*, 70 Vt. 147; *In re Clark's Est.* 79 Vt. 62; 18 Cyc. 666; *In re Stineman's Appeal*, 34 Pa. St. 394; *In re Gallagher's Appeal*, 89 Pa. St. 29; *Fuhrman's Est.* 21 Pa. Sup. Ct. 27; *In re Hodgman*, 69 Hun. 487; *In re Hodgman*, 140 N. Y. 421; *Bryant* v. *Thompson*, 128 N. Y. 426; *Merrick* v. *Kennedy*, 46 Neb. 264; *Norton's Appeal*, 46 Conn. 527; *In re Dewar's Est.*, 25 Pac.1025; 4 Words and Phrases 3702; *Wiggin* v. *Swett*, 39 Am. Dec. 194; *Smith* v. *Bradstreet*, 16 Pick. 264.

*Fred L. Laird* for the appellant.

WATSON, J. This case is here on the appeal of Hiram L.

Sparrow, executor of the last will and testament of Enoch H. Vincent, deceased, from the decree of the probate court, by which the estate of the testator is ordered to be distributed. The appellees moved to dismiss the appeal, for that the appellant has no such interest in said decree as entitles him to appeal therefrom.

The petition for the appeal shows the appellant's relation to the estate to be that of an executor, simply. This relation neither gives him any legal right, nor places him under any legal liability, which may be enlarged or diminished by the decree of distribution. It follows that he has no such interest as is necessary by statute to the right of appeal (P. S. 2973), and the motion to dismiss should have been granted. *Hemenway* v. *Corey*, 16 Vt. 225; *In re Clark's Estate*, 79 Vt. 62, 64 Atl. 331, 118 Am. St. Rep. 938.

*Decree overruling the motion to dismiss the appeal reversed, and the appeal dismissed with costs to the appellees.   To be certified to the probate court.*