HARRIET C. PECK'S ADMINISTRATOR *v.* EDWARD W. PECK'S
ADMINISTRATOR.

DONLY C. HAWLEY, ADMR. DE BONIS NON OF THE ESTATE OF
HARRIET C. PECK *v.* HARVEY T. RUTTER, ADMR. DE BONIS
NON OF THE ESTATE OF EDWARD W. PECK.

November Term, 1916.

Present:	MUNSON, C. J., WATSON and POWERS, JJ., MILES and
WATERMAN, Super. JJ.

Opinion filed January 17, 1917.

*Docket Entries—New Trial—When Petition Must be Brought to
Supreme Court—Parties—Interest of Petitionee.*

When it is necessary to ascertain the date when a case heard and
determined in Supreme Court, was certified down in compliance
with the judgment order, the Supreme Court will consult its
docket for this purpose.

Where the Supreme Court has affirmed the judgment of the county
court, on an appeal from the probate court, and has ordered the
decision to be certified to the probate court, as required by P. S.
2988, and the judgment has been entered by the clerk, pursuant
to the order of court, and certified down as required by statute,
the jurisdiction of the Supreme Court over the cause is ex-
hausted and the court has no power, upon petition, to lay hold
of and recall the case.

The petition in this case, *held*, upon its allegations, to be a petition
for new trial.

The judgment rendered in county court is the original judgment
referred to in P. S. 2020, which fixes the times within which peti-
tions for new trial must be brought to the Supreme Court.

The Supreme Court is without power to grant a petition for a new
trial, where the petition has not been served upon the adverse
party within the time fixed by P. S. 2020.

The interest required under P. S. 2973, in order to sustain the right
to appeal from a decree of the probate court, is to have some legal
right or to be under some legal liability that may be enlarged or
diminished by the decree; and a similar interest is essential to

the right to maintain a petition for a new trial of a cause where an appeal has been taken from such a decree.

An administrator *de bonis non* of the estate of a married woman, survived by her husband, has no legal right, nor is he under any legal liability, which is affected by a decree of the probate court, making distribution of her estate, and so is not entitled to maintain a petition for a new trial of an appeal from such décree.

PETITION brought to the Supreme Court by petitioner as administrator *de bonis non* with the will annexed of the estate of Harriet C. Peck, against petitionee, as administrator *de bonis non* with the will annexed of the estate of Edward W. Peck, who was husband of Harriet C. Peck, and survived her, praying that the judgment in the cause "*In re Estate of Harriet C. Peck, William H. Clarke, Petitioner* v. *Sayles Nichols and Gardner S. Wainwright, Executors of the will of Edward W. Peck, deceased, Petitionees,* be vacated, verdict set aside, a new trial of said cause be granted, and this petitioner be allowed to enter an appearance in said last mentioned cause in behalf of the estate of Harriet C. Peck and as the administrator with will annexed thereof, and defend said estate against the waiver of Edward W. Peck, and any other matter in controversy in said cause; for a stay of proceedings on the judgment in said cause and the decree of the probate court based therein; and for such other and further relief in the premises as to law and justice appertain."

The cause referred to was an appeal from a decree of the probate court making distribution of the Estate of Harriet C. Peck and was heard at the March Term, 1909, Chittenden County Court, and, on exceptions by the appellant, in Supreme Court, at the May Term, 1913, and is reported in 87 Vt. 194, 88 Atl. 568.

The petition and answer referred to the records, files, transcript of testimony and exhibits in the cause and made them a part thereof.

Heard on the petition and answer and depositions taken. The opinion states the case.

*Rufus E. Brown* and *V. A. Bullard* for petitioner.

*W. B. C. Stickney* and *Max L. Powell* for petitionee.

WATSON, J.   This is a petition brought by Donly C. Hawley, administrator *de bonis non* with the will annexed of the estate of Harriet C. Peck, against Harvey T. Rutter, administrator *de bonis non* with the will annexed of the estate of Edward W. Peck.   The petition relates to the case known and called in Chittenden County Court, *In re Harriet C. Peck, William H. Clark, Petitioner* v. *Sayles Nichols and Gardner S. Wainwright, Executors of the will of Edward W. Peck, Petitionees,* which case came to this Court on exceptions and was heard and disposed of as reported in 87 Vt. 194, 88 Atl. 568.   Counsel disagree  as to the exact nature of the petition: the contention on the part of the petitioner being that he seeks only to have tried and adjudicated a single material fact which (he claims) has not been tried by court or jury; the contention on the part of the petitionee being that the petition is for a new trial of the cause which has already been fully heard and determined.   The question thus raised is considered further on.   A certified copy of the transcript of the entire trial of said cause in the county court, also the pleadings, exhibits, and other papers referred to and used in connection with the trial, as shown by the record thereof, are referred to and made a part of the petition.   The petitionee filed his answer, therein referring to (among other things) the record and files of the court, and the transcript of the testimony, and exhibits in the proceedings in which the judgment of affirmance was rendered by this Court in 1913, (as hereinafter stated,) making the same a part of his answer.   Subject to objection and exception, the testimony of several witnesses was taken in support of the petition, but in the disposition made of the case we do not reach the question of the admissibility of this testimony. We determine the case upon the facts alleged in the petition and admitted in the answer, and upon the files, exhibits, and records made a part of the petition or answer, so far as they have any bearing on the controlling elements of consideration.   In so doing we look into the docket entries in this Court to ascertain when the certification was made in compliance with the judgment order.   *Armstrong* v. *Colby,* 47 Vt. 359; *Dewey* v. *St. Albans Trust Co.,* 60 Vt. 1, 12 Atl. 224, 6 Am. St. Rep. 84; *State* v. *Shaw,* 73 Vt. 149, 50 Atl. 863.

It appears that on September 9, 1908, the probate court in the District of Chittenden rendered a decree of distribution in

the matter of the estate of Harriet C. Peck, wherein it was determined, among other things, that the waiver of her will by her surviving husband, Edward W. Peck, should be sustained and that said Edward W. should receive the same portion of the estate as though Harriet C. had died intestate, to wit, the sum of two thousand dollars and one-half of the net residue of said estate, payment thereof to be made to the executors of his will, he having died on June 26, 1906, and the executors of his will being Sayles Nichols and Gardner S. Wainwright, who were also the executors of the will of Harriet C. From this decree William H. Clark, heir at law of the estate of Harriet C., and legatee under her will, took an appeal to the Chittenden county court, The case was heard in that court at its March Term, 1909, and judgment was rendered therein affirming the decree of the probate court. The appellant brought the case to this Court on exceptions and, after being twice argued, the judgment of the county court was affirmed in October, 1913, (which in effect was also an affirmance of the decree of the probate court, from which the appeal was taken,) and the decision was ordered to be certified to the probate court, as was required by the statute which also required that thereafter the same proceedings should be had in the latter court as though such decision had been made there. P. S. 2988; *Atherton* v. *Fullam,* 55 Vt. 388; *Buffum* v. *Haynes' Estate,* 68 Vt. 534, 35 Atl. 474. The files in that case show that the judgment order of this Court was filed on April 21, 1913. The judgment order was upon the case shown by the record presented as construed by a majority of the court. When the judgment was entered by the clerk pursuant to the order of court, and certified down as required by the statute, the jurisdiction of this Court over the cause was exhausted and the case was no longer here; and if the petition be construed according to the petitioner's contention, namely, as not for a new trial, but in effect to have the case recalled from the probate court, the judgment vacated, and the cause remanded to the county court for the sole purpose of having tried and determined the question of "election, pure and simple," by Edward W., to take under his wife's will, (the question which the petitioner contends has never been tried and passed upon, though the majority of this Court held that the record before it, by fair and reasonable construction, showed to the contrary,) the court has no power upon the petition to lay hold of and recall the case. *Underhill* v. *Jericho,* 66 Vt.

183, 28 Atl. 879; *Monahan* v. *Monahan*, 77 Vt. 155, 59 Atl. 176; *Nicholas* v. *Nicholas' Estate*, 80 Vt. 242, 67 Atl. 531.

But we do not think the nature of the petition is as contended by the petitioner. At its beginning, immediately following the·title of the case, it is designated as a "Petition for new trial." The allegations contained therein are many, broad in scope, and in the aggregate long; and therein referred to and made a part thereof are the pleadings upon which the case was tried upon the merits in the county court, and in this Court on exceptions. It is not necessary to specify separately the many different facts alleged. The prayer is in part, "that the judgment in said cause" (naming it) "be vacated, verdict set aside, a new trial of said cause be granted," etc., and a prayer for general relief is added. Nothing contained in the prayer points to or asks for a trial on the single issue now specified by the petitioner in his brief and in oral argument. We have no doubt of the nature and scope of the document. It is a petition for a new trial of the cause, and nothing short of that.

By statute (P. S. 2018) the Supreme Court may grant a new trial in a cause determined by that Court, or by the county court, on petition of either party, subsequent to the term of the court "at which the original judgment was rendered." But by section 2020, a new trial shall not be so granted unless the citation to the adverse party is served, if the reasons assigned are matter of law, within one year, and if the reasons assigned are the discovery of new evidence or other matter of fact, within two years, "after the rendition of the original judgment." The original judgment in this instance is the judgment rendered by the county court at its March Term, 1909. *Mower* v. *Warner*, 16 Vt. 495. The citation attached to the petition in the present case was not served on the adverse party until the 6th day of February, 1915, more than five years after the rendition of that judgment. Since the citation was not served within the time fixed, the statute is mandatory that a new trial shall not be granted on the petition. *Mower* v. *Warner*, cited above.

It is further insisted in defence that the administrator *de bonis non* of the estate of Harriet C. has no such interest in the decree rendered, distributing her estate, as is essential to the maintenance of this petition. We might dispose of the case without further noticing this insistence; but the question has been argued on both sides and, owing to its importance, we deem it

best to pass upon it. It has been held in connection with the settlement of this same estate that the question whether the surviving husband should take under the will, or under the statute of descent by force of his waiver, was involved in the decree of distribution, and should be determined in connection therewith. *In re Peck's Estate,* 80 Vt. 469, 482, 68 Atl. 433. The case was then here on the pleadings, and pursuant to agreement of the parties, the judgment was reversed *pro forma* and cause remanded with leave to replead. Subsequent proceedings in the probate court were had accordingly: the primary question before that court, and before the county court on appeal, in the case in which a new trial is now sought, was the distribution of the estate; all other questions litigated in connection therewith were secondary, and presented only because of their bearing on the primary question.

An appeal from a decree of the probate court is allowable only to persons interested therein. P. S. 2973. The interest required under the statute is to have some legal right, or to be under some legal liability, that may be enlarged or diminished by the decree. *In re Clark's Estate,* 79 Vt. 62, 64 Atl. 231, 118 Am. St. Rep. 938. It has been held that an executor has no such interest in the distribution of the testator's estate as is necessary under this statute to give him the right of appeal from the decree of the probate court, by which the estate is ordered to be distributed. *In re Vincent's Estate,* 84 Vt. 89, 78 Atl. 714. To make the law consistent with itself, a similar interest should be essential to the right to maintain a petition for a new trial of a cause where an appeal has been taken from such a decree. As administrator *de bonis non* the petitioner in the present case has no interest in the decree of the court as to the mode of distributing the estate of the testatrix, whether it be done wholly under the provisions of the will, or in part under those provisions and in part by the statute of descent because of the surviving husband's waiver of the will. The administrator has no legal right, nor is he under any legal liability, which is affected by the decree; and it must be a matter of indifference to him which mode of distribution is held to be by law applicable. It follows that if the way were otherwise clear he could not maintain this petition.

*Petition dismissed with costs. To be certified to the probate court.*