ROBERT H. SIMONDS *v.* ARABELLE P. SIMONDS' ESTATE.

November Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 17, 1922.

*Probate Court—Decree of Distribution—Appeal by Administrator—Receipt for Advancement.*

1. Under G. L. 3455, providing that an interested person may appeal to the county court from the decree of a probate court, an administrator has no such interest in the decree of distribution as is essential to. the right of appeal, or of exception.

2. An heir is not barred from participating in the distribution of the residue of an estate, because of the fact that during intestate's lifetime he gave her a receipt for a sum of money "in full for my share of her estate," the sum being an advancement to be added to the residue of the estate in the hands of the administrator for distribution.

APPEAL of Herbert E. Powers, individually and as administrator, from a decree of the probate court distributing the estate of Arabelle P. Simonds. Heard at the March Term, 1921, Rutland County, *Moulton,* J., presiding. Judgment affirming the decree of the probate court. The appellant excepted to certain findings of fact by the county court and to the judgment as rendered. Motion in Supreme Court to dismiss exceptions of Herbert E. Powers as administrator. Motion granted. *Affirmed.*

*Marvelle C. Webber* for appellant.

*Charles L. Howe* and *Walter S. Fenton* for appellee.

WATSON, C. J. [1] This is an appeal from the decree of distribution made by the probate court in the estate of Arabelle P. Simonds, and on exceptions to certain findings of fact by the county court. The appellant and exceptant is Herbert E. Powers as administrator of the estate, also individually. It is conceded that individually he has proper standing in review; but it is

urged that as administrator he has no such interest in the decree of distribution as is essential by statute to the right of appeal, or of exception. The law here invoked is too well established to require further notice, and the appeal and exceptions, taken by him in his representative capacity, are dismissed. *In re Vincent's Estate,* 84 Vt. 89, 78 Atl. 714; *Peck's Admr.* v. *Peck's Admr.,* 91 Vt. 91, 99 Atl. 635.

[2] Robert H. Simonds is grandson and only heir at law of Arabelle. P. Simonds who died intestate at Pittsford, this State, on the 25th day of January, 1919. On June 14, 1918, the intestate, acting through her agents in this State, and at Pasadena in the State of California, where her grandson then lived, sent a draft, drawn to her order and indorsed by her to the order of her grandson, for the sum of $1,327.17, together with a receipt which she instructed to be drawn, the draft to be delivered to him at Pasadena, on his signing the receipt which was to be returned to her agent here. Pursuant to these instructions the draft was delivered to the grandson, and the receipt, signed by him, was returned. The receipt is as follows:

"PASADENA, CALIF.
June      1918.

"Received from Mrs. Belle P. Simonds, thirteen hundred and twenty-seven 17-100 dollars in full for my share in her estate, $1,327.17.

ROBERT H. SIMONDS."

The estate of the intestate amounts to several times the sum represented by the draft, and the real question in this case is whether the receipt, given by the grandson, debars him from taking the estate under the statute of distribution and descent. The judgment below was that the sum received by him by way of the draft for which the receipt was given, be added to the residue found by the probate court to be in the hands of the administrator for final distribution in the estate of the intestate, as an advancement to the grandson, and that the latter is not barred from participating in the distribution of the residue of the estate by reason of his receipt given for such advancement. In its essentials the writing given by the grandson to the grandmother, involved in the case at bar, is in form very similar to that given by Moses Robinson, Jr., to his father for money and property received by the son "to be in full of" the father's estate, under

consideration in *Robinson* v. *Robinson,* Brayt. 59. The report of that case shows that exhaustive briefs were presented to the court on the question of the force of that instrument as a contract or release, excluding the son from a share of the father's estate under the statute of descent and distribution. It was held that the son had no interest in his father's estate, on which a release executed during the life of the parent could operate; that the instrument under consideration must be inoperative; and that the decree of the probate court, adjudging one-sixth part of the estate of the deceased to the son who signed the instrument, be affirmed. This decision was rendered in 1818. In the case of *Robinson* v. *Swift,* 3 Vt. 283, decided in 1830, where the same written instrument was again involved, the court held that the court of probate had jurisdiction over the questions of advancements by an ancestor to his heir, and to decide whether the latter had discharged or renounced his right in the distribution of the former's estate; and that the decree of that court upon such a question, affirmed by the Supreme Court on appeal, was effectual and conclusive. In the case of *Buck* v. *Kittle's Estate,* decided in 1877 and reported in the 49th Vt. 288, an appeal by the defendants from a decree of the probate court, whereby one-seventh of the estate of the intestate was distributed to the plaintiffs, who claimed as children and heirs at law of one of the intestate's daughters. Defendants pleaded that in the lifetime of the intestate and his said daughter, the intestate, at the request of said daughter and her husband, advanced to her $3,000 as her share of his estate, which sum was invested in a farm occupied by her and her husband, and in consideration of which she agreed to receive the same in full satisfaction and discharge of all claim to any further distributive share in the estate, and then and there executed and delivered to the intestate a discharge in writing, so providing in terms. In that instance, as well as in the Robinson case and in the case at bar, the writing signed by the heir at law and put in evidence, was not under seal. A trial was had by court, resulting in a *pro forma* judgment for defendant. The case being brought to this Court on exception to the judgment, it was held that the writing could have no effect as an accord and satisfaction, since, when it was given, the heir had an expectancy only; that it could have no effect as a covenant, binding the deceased daughter and her heirs not to prosecute her expectancy, since it was not under seal; that it was in-

operative as an agreement, under the statute pertaining to advancements, that the advancement should be in full of the expectancy; and that therefore the writing did not bar the plaintiffs from taking a distributive share of the estate. The court said that viewed from any legal standpoint, the claims made in behalf of the estate were unsupported by legal principles, and directly opposed to the decision in *Robinson* v. *Robinson*, Brayt. 59, and *Robinson* v. *Swift*, 3 Vt. 283; and hence there was error in the *pro forma* judgment of the county court, giving to the writing in question, the effect to satisfy the share of the appellees in the defendant estate.

Thus it is seen that the law, as laid down in those three cases, has been the law of this State for more than a century, and, being so established, we think it was rightly followed by the court below in rendering the judgment now under review. The discussion of the common law principles, and the statute relating to advancements, leading to the doctrine enunciated in those cases, is so complete and satisfactory that further discussion at this time is superfluous. Considering the long length of time the law of the subject has been thus established and followed in this jurisdiction, the fact that a different rule obtains in many, though not in all, of the sister states, is of little moment.

Exception was taken to several findings, as not supported by evidence; and to two findings, as contradictory to some prior finding. But, under the interpretation of the law given above, each of the findings to which objection is made, is immaterial to the result of the case. Consequently these exceptions are not considered.

*Judgment that the appeal and exceptions taken by the administrator are dismissed. Judgment affirmed, with costs to the plaintiff from the appellant Herbert E. Powers, individually. To be certified to the probate court.*