HANNAH FLORY *v.* ADOLPHUS FLORY'S ESTATE.

Special Term at Rutland, November, 1924.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed January 8, 1925.

*Motion to Dismiss Probate Appeal Because of Lack of Jurisdiction Must Be Determined From What Appears of Record—Executor, as Such, Has No Right of Appeal From Decree Extending Time for Widow to Waive Pecuniary Provisions of Husband's Will—Presumption That Certified Copies of Record Furnished by Probate Court on Appeal Are True Copies.*

1.   Question raised on motion to dismiss appeal by executor of an estate from decision of probate court, on ground that he did not have necessary statutory interest to authorize such appeal, must be determined from what appears of record.

2.   Under G. L. 3455, providing that an interested person may appeal to the county court from the decree of a probate court, an executor, having no interest in estate as individual or otherwise than in his representative capacity as executor, has no right of appeal from decree and judgment of probate court allowing widow of deceased extension of time for waiving pecuniary provision made for her in her husband's will.

3.   Certified copies of record of proceedings in probate court from which appeal is taken, and of the application for and allow-.

ance of appeal, under G. L. 3455 and 3465, are presumed to be true copies, nothing appearing to the contrary, and, in such situation, on application for leave to procure and file amended copies, motion will be denied.

APPEAL of William H. Pelkey as executor from decree of probate court for the district of Fair Haven allowing Hannah Flory extension of time for waiving the pecuniary provisions made for her in the will of her deceased husband. Heard by the court at the March Term, 1924, Rutland County, *Willcox*, J., presiding, on motion of widow to dismiss appeal. Motion denied, and the widow excepted, the cause being passed to the Supreme Court before judgment under the statute. *Reversed, and appeal dismissed.*

*Marvelle C. Webber* and *Phelps & Pratt* for the executor appellant.

*Lawrence, Stafford & Bloomer* and *G. M. Goddard* for petitioner, appellee.

WATSON, C. J. [1] This is an appeal from the decision of the probate court for the District of Fair Haven allowing Hannah Flory, the widow of Adolphus Flory, deceased, an extension of time for waiving the pecuniary provisions made for her in her husband's will. An appeal was taken from the decision by the executor of the estate to the Rutland county court. In the latter court the widow moved to dismiss the appeal on the ground that the executor had no such interest in the estate as is essential by statute to the right of appeal; that the executor's appeal raised the question of jurisdiction in the county court, for if the appeal was not within the right of the executor by statute, it could not give that court jurisdiction. The motion was denied and the widow excepted. Thereupon the cause was passed to the Supreme Court under the statute before final judgment. The question being raised by motion to dismiss, it must be determined on what appears of record. *Tracy v. Grand Trunk Ry. Co.*, 76 Vt. 313, 57 Atl. 104.

[2] The petition of the executor praying for an appeal sets forth that he is the duly qualified executor of the last will and testament of Adolphus Flory, deceased, "and as such

executor is interested in his estate." That "as executor," he "objects to the judgment and order of the said court on the ground that said widow was barred by the Statute of Limitations and that such judgment and order was contrary and against the weight of the evidence." The record contains nothing showing or alleging that Pelkey has any interest in the estate as an individual, or otherwise than in his representative capacity as executor. In such capacity he has no legal right or liability affected by the decree and judgment from which the appeal was attempted to be taken. He therefore had no right of appeal under the statute, and his attempt in this respect could give the county court no jurisdiction of the matter. The denial of the motion to dismiss was error. *In re Vincent's Estate*, 84 Vt. 89, 78 Atl. 714; *Peck's Admr.* v. *Peck's Admr.*, 91 Vt. 91, 99 Atl. 635; *Simonds* v. *Simonds' Estate*, 96 Vt. 110, 117 Atl. 103, 28 A. L. R. 420.

*Judgment reversed, and appeal dismissed with costs to the petitioner. To be certified to the probate court.*

*[3] After the foregoing opinion was handed down the appellant, the executor, by leave of court, filed his motion to amend the mandate so to read as follows: "Judgment reversed and cause remanded with instructions that leave be granted appellant to procure and file amended appeal copies and for further proceedings in the county court, with costs in this court to the petitionee-appellee."

The statute provides that a person interested in an order, sentence, decree or denial of a probate court, "may, except as otherwise provided, appeal therefrom to the county court, if application in writing therefor is made and filed in the register's office within twenty days from the date of the decision appealed 'from." G. L. 3455. And when such an appeal is taken the appellant shall file in the county court to which the appeal is granted "a certified copy of the record of the proceedings appealed from, of the application for and the allowance of the appeal" with evidence of notice to the adverse party, etc. G. L. 3465; *Lynde* v. *Davenport*, 57 Vt. 597. It is to be presumed that the probate court correctly performed its duty in this re-

---

*Opinion on motion to amend mandate filed February 4, 1925.

gard, and that the certified copies furnished by it to the appellant for the purpose of the appeal in question were true copies of record, and of the application, nothing to the contrary appearing. Indeed, nothing to the contrary is asserted in the motion or in support thereof.

As the appeal copies were correctly certified, it is not apparent how they can be amended.

*Motion denied.*