MARION J. LYONS, EXRX. *v.* FRED A. FIELD, TRUSTEE, ET AL.

May Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 2, 1934.

*Charles B. Adams* for the appellant.

*Edward Dana* for the trustee.

*George M. Goddard, Lawrence, Stafford & O'Brien,* and *Lindley S. Squires* for the heirs.

THOMPSON, J.   Samuel H. Griswold of Rutland died testate. He was survived by his widow and an unmarried daughter, Carrie Emma Griswold.   His will was admitted to probate on August 11, 1896, and the executors named in the will duly qualified as such.

His will provided for the creation of two trust funds, one of $20,000, the income therefrom to be paid to his widow, and, on her death to his daughter, and one of $25,000 the income therefrom to be paid to his daughter so long as she remained unmarried.   The will also bequeathed certain specific legacies which are immaterial here.   Carrie Emma Griswold died unmarried.

The will contained the following provision: ''The residue of my estate, including what shall remain after the payment of all the aforesaid legacies and the full and complete execution of all the aforesaid trusts, I give, devise and bequeath as follows, *viz.* * * * to the American Board of Commissioners for Foreign Missions the sum of one Thousand dollars and to the American Bible Society one Thousand dollars * * * to have and to hold the same respectively to their own use; and of what shall remain after satisfying the two last mentioned legacies I give, devise and

and bequeath to the heirs of my sisters, Margaret and Elisia (both deceased) in equal shares to each of their own use.''

It appears that the executor filed his final account, which was duly advertised, showing that after the creation of the two trust funds, the payment of the specific bequests, the debts, and expenses of administration, there remained a residue of $2,-259.92; that the account of the executor was allowed on March 8, 1904, and, on the same day, the probate court made a decree of distribution, decreeing the residue to the heirs of the testator's sisters, Margaret (Mattocks) and Elisia (Cavanaugh), *per stirpes.* No appeal was taken from that decree.

Appellee, Fred A. Field, trustee of the two trusts, brought his petition to the probate court on May 8, 1933, setting forth that the trusts provided for income therefrom to be paid to Carrie E. Griswold during her lifetime, if she did not marry; that she did not marry, and was now deceased; and praying for license and authority to make distribution of the cash assets of the two funds, and for a determination of the persons entitled to participate in such distribution, and for the allowance of his accounts as trustee.

The probate court, after hearing on notice, held that it was the intention of the testator, as expressed by the provisions of the will, that the trust funds should be distributed to the heirs of the two sisters who were living at the time of the decease of Carrie E. Griswold, the *cestui qui* trust, *per capita;* and the court, having ascertained the heirs of the two sisters who were entitled to share in the distribution of the trust funds, made a decree distributing the net assets of the two funds to them, *per capita.*

The probate court found that the estate of Anna M. Rentz, ''Who deceased after the death of the *cestui qui* trust, Mary E. Powers and Caroline G. Cavanaugh,'' was entitled to share in the distribution of the trust funds as an heir of Elisia (Cavanaugh), and decreed the same share to her as was decreed to the other heirs of Margaret and Elisia.

The appellant, who is the executrix of the estate of Anna M. Rentz, appealed from the decree of distribution directly to this Court, as provided by G. L. 3451 (P. L. 3001). The appellee filed a motion to dismiss the appeal on the grounds, in substance, that it appears that the motion for the appeal was made by the appellant as executrix, and the appeal was granted her in such

representative capacity; that, as executrix, she has no such interest in the estate of Samuel H. Griswold as is necessary by statute to the right of appeal.

G. L. 3451 (P. L. 3001) provides: ''A person interested in an order, sentence, decree or denial of a probate court involving only a question of law may take an appeal therefrom directly to the supreme court in the manner provided in cases of appeals from the court of chancery.'' The appeal in question was taken in the manner provided in cases of appeals from the court of chancery.

This Court has held repeatedly that under G. L. 3455 (P. L. 3005), providing that an interested person may appeal to the county court from the decree of a probate court, an executor, who has no interest in the estate as an individual or otherwise than in his representative capacity as executor, is not an ''interested person'' within the meaning of the statute, and has no right of appeal; that the persons entitled to an appeal are those who have some legal interest which may, by the decree of the court, be either enlarged or diminished. *Hemmenway* v. *Corey*, 16 Vt. 225, 227; *In re Vincent's Estate*, 84 Vt. 89, 78 Atl. 714; *Peck's Admr.* v. *Peck's Admr.*, 91 Vt. 91, 96, 99 Atl. 635; *Simonds* v. *Simonds' Estate*, 96 Vt. 110, 117 Atl. 103, 28 A. L. R. 420; *Flory* v. *Flory's Estate*, 98 Vt. 251, 127 Atl. 369.

■ It will be observed that the language of G. L. 3451 (P. L. 3001), specifying who may appeal from a decree of the probate court directly to the Supreme Court, and the language of G. L. 3455 (P. L. 3005), specifying who may appeal from such a decree to the county court, is identical. We think that, by analogy, the construction that has been given to G. L. 3455 (P. L. 3005), by this Court applies to G. L. 3451 (P. L. 3001), and that an executor, who has no interest in the estate as an individual or otherwise than in his representative capacity as executor, has no right of appeal under G. L. 3451 (P. L. 3001).

■ But this does not necessarily mean that the executor of an estate that is interested in the settlement of another estate is not an ''interested person'' within the meaning of the statute for the purpose of taking an appeal from a decree made in the estate that is being settled. If Anna M. Rentz had been living at the time the decree distributing the trust funds was made, she would have been an ''interested person,'' and could have appealed from the decree either under G. L. 3451 (P. L. 3001),

478

or under G. L. 3455 (P. L. 3005). The appellant, as executrix, represents the estate of Anna M. Rentz. It is her duty, as executrix, to ascertain the assets and debts of the estate and to put the former in condition to pay the latter, if sufficient, and the surplus, if any, in a condition to be distributed to those legally entitled thereto. *Rich* v. *Sowles,* 64 Vt. 408, 410, 23 Atl. 723, 15 L. R. A. 850; *Hall* v. *Windsor Savings Bank,* 97 Vt. 125, 143, 121 Atl. 582. She is possessed of the legal rights of her testate, and is the only one to enforce them. She is an "interested person" within the meaning of the statute. *In re Prouty's Estate,* 101 Vt. 496, 144 Atl. 691. The motion of the appellees to dismiss the appeal is denied.

The appellant contends that the decree of 1904, which decreed the residue of the estate in the hands of the executor, after the creation of the two trust funds and the payment of all specific legacies to the heirs of the deceased sisters of the testator *per stirpes,* not having been appealed from, was an adjudication of the manner in which the residue of the estate, including the two trust funds, should be distributed; that it became the law of the case, and controls the manner in which the trust funds shall be distributed "after the full and complete execution" of the trusts.

In the proceeding brought by the trustee for the distribution of the trust funds, the probate court, in its "Opinion and Findings," said: "This decree (1904) not having been appealed from is the law of this estate and is final as to all questions passed upon, but it is not final as to questions not passed upon. (See *Sparrow* v. *Watson,* 87 Vt. 366, 89 Atl. 468)." The court, after stating that the circumstances might have been such that neither of the trust funds would have become a part of the residue of the estate, said: "Neither of these events occurred and the two trust funds are still intact for distribution * * *; and now that these trusts have terminated, the opinion of this court is that these funds should be distributed in accordance with the residuary clause of the will;—not to the heirs of the testator, but to the heirs of his two sisters, Margaret (Mattock) and Elisia (Cavanaugh) who were living at the time of the decease of the *cestui qui* trust, and in equal shares to each."

The probate court impliedly held by this ruling that the question whether the trust funds should be distributed to the

heirs of the two sisters *per stirpes* or *per capita* was not passed upon by the probate court when the decree of 1904 was made.

■■ No question arises in this case as to what the law is, but rather as to its application. A probate court has jurisdiction to make a decree distributing the estate of a deceased person; and the rule is that such a decree, unappealed from, is binding upon all parties. It becomes the law of the case, whether right or wrong, as to all questions passed upon by the court when making the decree, and controls as to such questions in future proceedings in the case. *Stone* v. *Peasley,* 28 Vt. 716; *Ward* v. *Church,* 66 Vt. 490, 492, 29 Atl. 770; *Leavens* v. *Ewins,* 67 Vt. 256, 31 Atl. 297; *In re Wells' Estate,* 69 Vt. 388, 38 Atl. 83; *In re Peck's Estate,* 87 Vt. 194, 212, 88 Atl. 568; *Sparrow* v. *Watson,* 87 Vt. 366, 370, 89 Atl. 468; *Trask* v. *Walker's Estate,* 100 Vt. 51, 60, 134 Atl. 853.

*Leavins* v. *Ewins, supra,* was a petition to a probate court for the correction of an error in its decree of distribution which was made about twenty years before the petition was brought, and from which no appeal had been taken. The probate court granted the relief prayed for. The petitionees appealed to the county court, which dismissed the petition. This Court, when affirming the judgment dismissing the petition, said: "In making the decree of 1874, the probate court undertook to decree the estate according to the legal effect of the will. It had jurisdiction to make a decree distributing the estate, and its decree unappealed from was binding upon all parties. The construction given to the will was a legal construction, and became the law governing the distribution of the estate. If there was an error in the distribution of the estate, it was an error of law; and the remedy was by appeal to the higher court. No appeal having been taken the law as then interpreted by the court became the law of the case. The construction thus given to the will was a judicial construction. Property rights vested under it; and, for error in that construction, they cannot now be disturbed."

In the instant case, when the decree of 1904 was made, it was the province, as well as the duty, of the probate court to determine the mode by which the residue of the estate should be distributed to the heirs of Margaret and Elisia. The only provision in the will dealing with that subject is the residuary clause, which we have hereinbefore quoted. It must be pre-

sumed that the probate court discharged its duty, and that when it decreed the residue in the hands of the executor to the heirs of Margaret and Elisia *per stirpes,* that was its judgment as to the manner the testator intended that such residue should be distributed under the will.

The only difference between the residue distributed by the decree of 1904 and the trust funds is that the former was ready for distribution at that time, while the latter might never become residue; that depended upon the contingency of Carrie E. Griswold dying unmarried and without issue.

When that contingency happened, the trust funds became "residue" and were to be distributed, as the probate court held, "in accordance with the residuary clause of the will." But the mode of distributing the residue in accordance with that clause had already been determined by the decree of 1904. It was necessary for the court at that time to construe the residuary clause to determine the mode by which the residue should be distributed. The court may have committed error in construing the residuary clause as providing that the residue should be distributed *per stirpes* and in decreeing distribution in that manner; but that question is not before us. As the decree was not appealed from, the construction given to the residuary clause at that time by the court became the law of the case, and it should have been followed by the court when it decreed the distribution of the trust funds. It committed error when it decreed the distribution of such funds *per capita* instead of *per stirpes.*

Some other questions which have been briefed have not been considered because they have become immaterial by our disposition of the case.

No appeal was taken from the decree of the court that the heirs entitled to share in the distribution of the trust funds were those who were living at the time of the decease of the *cestui qui trust,* so we do not consider that question.

*Decree of the probate court reversed, and cause remanded for further proceedings and decree not inconsistent with the views herein expressed. Let the appellant recover her costs in this Court. To be certified to the probate court.*