## In re Estate of Mae O'Neill Gaskell

[181 A.2d 67]

January Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed March 7, 1962

Reargument Denied May 1, 1962

*Joseph C. McNeil* for the proponent.

*Cain & O'Brien* for the contestant.

**Barney, J.** The will of the testatrix was disallowed in probate court. Only the executor named in the will sought to appeal the disallowance to county court. His attempted appeal was dismissed on motion there and he is here seeking review of that ruling.

12 V.S.A. §2555, which is the authority under which appeals lie to the county court from probate court, reads:

> "Except as otherwise provided, a person interested in an order, sentence, decree or denial of the probate court, who considers himself injured thereby, may appeal therefrom to the county court."

It is not questioned that the putative executor must justify under this statute or not at all.

The county court held that the executor did not qualify as a "person interested" in this estate. He was not a legatee, nor was he an heir. His only connection with the estate arose out of his anticipated representative capacity as executor. The single question of this appeal is whether or not this representative capacity alone makes him, in contemplation of 12 V.S.A. §2555, a "person interested," entitled, therefore, to prosecute an appeal of the disallowance of the will to county court.

The right of a named executor to appeal the disallowance of the will appointing him has not been previously passed on in this Court. However, the lower court could find considerable support in the language used in related cases.

Early statutes gave the right of appeal to "any person or persons aggrieved at, or dissatisfied with, any decree, sentence or order of any judge of probate." Comp. 1824, chap. 44, §7. In 1838, in *Woodward* v. *Spear*, 10 Vt. 420, 423, it was said that this aggrieved person must be some one having an interest in the estate. This phrase, by 1844, had been made an explicit requirement by incorporation in the statute (R. S. 1840, Chap. 44, §28) and the Court's interpretation reaffirmed in *Hemmenway* v. *Corey*, 16 Vt. 225, 227.

Down through the years this Court has, from time to time, pointed out that an executor cannot, merely by virtue of his office, qualify as a "person interested" in the particular estate. Justice Watson, in *In re Vincent's Estate*, 84 Vt. 89, 90, 78 Atl. 714, put it clearly:

> "The petition for the appeal shows the appellant's relation to the estate to be that of executor, simply. This relation neither gives him any legal right, nor places him under any legal liability, which may be enlarged or diminished by the decree of distribution. It follows that he has no such interest as is necessary by statute to the right of appeal (P.S. 2973), and the motion to dismiss should have been granted."

P. S. 2973 is now 12 V.S.A. §2555. These words are almost a quotation of the language of Chief Justice Williams in the Hemmenway case sixty-seven years previously. This principle has been consistently adhered to down to the present and it now has been a part of our law for nearly a century and a quarter. *E.g., Simonds* v. *Simonds' Estate*, 96 Vt. 110, 111, 117 Atl. 103, 28 A.L.R. 420; *Flory* v. *Flory's Estate*, 98 Vt. 251, 253, 127 Atl. 369; *Lyons, Exr.* v. *Field*, 106 Vt. 474, 477, 175 Atl. 11; *In re Manley Estate*, 112 Vt. 314, 318, 24 A.2d 357. *Will of Pynchon*, 115 Vt. 57, 60, 50 A.2d 760.

This is not to say that a challenge to this rule is frivolous or unjustified. As so often happens, two sets of policy considerations are in competition here. The question is not one of right or wrong, but of an evaluation of the benefits and handicaps consequential on the adoption of one approach rather than another.

Many states have taken the position that there is a right and duty on the part of an executor to carry up an appeal to final review when the will has been disallowed. Since it is the function of the executor to present and defend the will on behalf of the testator, these courts find justification for a policy which allows the executor to appeal disallowance. Interestingly enough, this is usually accomplished by declaring that the executor does have a legal interest that qualifies him to act. See *In re Will of Draheim,* 267 Wis. 382, 66 N.W.2d 172.

Vermont has felt that the assets of estates might be jeopardized if executors who had no claim on those assets were allowed to litigate on appeal the disallowance of the instrument appointing them. So, we see on the one hand a policy directed toward defending the testator's will, and on the other a policy directed toward preserving his estate. In some instances, both policies are supported by a defining of "legal interest."

Undoubtedly there is something to be said on both sides. Furthermore, it is obviously salutary to review, from time to time, our position in this State on this matter, so that we do not cling to a policy rendered unjust and inapplicable by changing circumstances.

 But, since the legislature, over the span of so many years, has acquiesced in the view this Court has taken of the rights of executors under the appeals statute, that view has become, in effect, part of the statute. *In re Will of Prudenzano,* 116 Vt. 55, 63, 68 A.2d 704. It is to the legislature that policy arguments for change should now be directed. For this Court to unexpectedly depart from the established understanding of the statutory meaning would be unwise and inappropriate.

*Judgment dismissing the appeal is affirmed. Let the result be certified to the Probate Court for the District of Chittenden. Motion for leave to reargue denied.*