In re: Estate of Farwell W. Perry, No. 716-9-09 Rdcv (Cohen, J., Feb. 22, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT
## RUTLAND COUNTY

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: ESTATE OF FARWELL W. PERRY | ) | **Rutland Superior Court** |
| | ) | **Docket No. 716-9-09 Rdcv** |
| | ) | |

## DECISION ON MOTION TO DISMISS APPEAL, FILED NOVEMBER 13, 2009

William G. Post, Jr., as administrator CTA of the Estate of Farwell W. Perry, moves to dismiss the appeal by Henry W. Pascarella of the admittance of Farwell Perry's Last Will and Testament by the Rutland Probate Court. William G. Post, Jr. is represented by Craig Weatherly, Esq. Henry W. Pascarella is represented by Christopher Corsones, Esq.

## BACKGROUND

The Last Will and Testament of Farwell W. Perry dated October 31, 2008 ("the Will"), was admitted to probate in the Rutland Probate Court on September 1, 2009. On that same date, the court appointed William G. Post, Jr. as Administrator CTA of the Estate of Farwell W. Perry ("the Estate"). According to the court's Order, all known heirs and the surviving spouse of Farwell Perry consented to allowance of the Will.

Henry Pascarella was appointed as Temporary Administrator of the Estate of Farwell Perry by Order of the Probate Court for the District of Greenwich, Connecticut, issued May 19, 2009. Mr. Pascarella was named Temporary Administrator pursuant to a Last Will and Testament of Farwell Perry, dated April 13, 2005 ("Connecticut Will"). Mr. Pascarella is not a beneficiary of either Will. Nor is he an heir of the deceased.

Mr. Pascarella filed the instant appeal, alleging that: (1) Farwell Perry did not possess the necessary legal testamentary capacity at the time he executed they October

31, 2008 Will; (2) Farwell Perry's wife, Beyhan Perry, exercised unlawful undue influence over him regarding execution of the Will; and (3) the probate process was flawed because Mr. Pascarella was not sent notice of hearing.

Mr. Post, as Administrator CTA, moves for dismissal of Mr. Pascarella's appeal for lack of standing.

## DISCUSSION

Under Vermont law, a party seeking to appeal a decision of the probate court must be a person interested in the order, sentence, decree or denial of the court, who considers himself injured thereby. 12 V.S.A. § 2555. An executor, or in this case an administrator, cannot, merely by virtue of his office, qualify as a "person interested" in the particular estate. *In re Gaskell's Estate*, 123 Vt. 57, 58 (1962). This is because "[t]his relation neither gives him any legal right, nor places him under any legal liability, which may be enlarged or diminished by the decree of distribution." *Id.* (quoting *In re Vincent's Estate*, 84 Vt. 89, 90 (1911)). The interest required to support an appeal from a decree or order of the Probate Court must be a legal interest which may, by such order or decree, be either enlarged or diminished. *In re Manley's Estate*, 112 Vt. 314, 318 (1942).

Here, Mr. Pascarella is not a beneficiary of either will. Nor is he an heir of the deceased. He argues that in his role as administrator of the Connecticut Estate he is a fiduciary for the legatees of the Connecticut Will. Notwithstanding this argument, Mr. Pascarella himself does not have a legal interest which may, be decree of the court, be either enlarged or diminished. Thus, he is not an "interested person" and does not have standing to bring this appeal.

2

In regards to Ms. Pascarella's claim that he did not receive notice of the Rutland Probate hearing, V.R.P.P. 17(a) provides that "[a]t the commencement of a probate proceeding all interested persons shall be considered parties and shall be served with notice pursuant to Rule 4." The term "interested person" includes heirs, devisees, legatees, children, spouses, and such other persons as the court directs. V.R.P.P. 17(a)(1). It also includes trustees of any trusts to which assets of the decedent's estate may be distributed, persons having priority for appointment as executor or administrator, and other fiduciaries representing interested persons. *Id.*

It does not appear that Mr. Pascarella was an "interested person" under the rule. Furthermore, it is undisputed that Mr. Pascarella was notified of the Rutland Probate Court proceedings by Attorney John S. Liccardi by letter in May 2009. Mr. Pascarella did not seek to intervene as a party in the probate proceedings or raise the issue of notice with the Probate Court. Thus, dismissal of his appeal is proper for lack of standing.

## ORDER

Administrator William G. Post, Jr.'s Motion to Dismiss, filed November 13, 2009, is GRANTED.

Dated at Rutland, Vermont this _____ day of _____, 2010.

_____
Hon. William Cohen
Superior Court Judge

3