Crouse v. Nixon.

---

J. M. CROUSE *et al.* v. E. H. NIXON *et al.*

No. 13,390.   ( 70 Pac. 885.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Error in Mandamus Dismissed.*  A proceeding in error from an order of the district court awarding a peremptory writ of mandamus will be dismissed, if, before it is filed in this court, compliance with the order of the court below has been made.

Error from Barber district court; P. B. GILLETT, judge.   Opinion filed December 6, 1902.   Dismissed.

*G. M. Martin, A. L. Herr, Seward I. Field,* and *A. M. Harvey,* for plaintiffs in error.

*Noble & Tincher, T. A. Noftzger,* and *A. A. Richards,* for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action of mandamus to compel a county board of canvassers to accept the election returns from one of the townships as showing a certain number of votes cast for a candidate for office, and to declare the result accordingly.

E. H. Nixon and H. C. Walker were opposing candidates at the recent general election for representative to the legislature from Barber county. The election returns from one of the townships were not in strict conformity with legal requirements, and because thereof were supposed to involve the question of the number of votes cast for candidates for representative in some doubt. However, Nixon claimed that they satisfactorily showed that eight more votes were cast for him than the board of canvassers was willing to count for him. These votes were determinative of the result for the office named, and mandamus was issued in Nixon's behalf to compel a count of the votes in question for him. After trial the writ was made peremptory. Pending the preparation of a record on which to prosecute error to this court, the members of the board of canvassers obeyed the command of the writ by counting the votes and certifying the result accordingly, after doing which they adjourned *sine die.* Two of the canvassers made the count and certificate under written protest. Those two only have prosecuted error to this court. This, however, they were entitled to do. (*Hughes v. Parker,* 63 Kan. 297, 65 Pac. 265.)

It is not necessary for us to examine into the merits of the case, or, more accurately speaking, we cannot do so.   The plaintiffs in error have appealed from an order to which they had already yielded obedience. That they cannot do.   They cannot perform the required act and at the same time appeal from the order requiring its performance.   If we should reverse the judgment, there would be nothing on which the order of this court, or that of the court below on its reopening the case, could operate.   The count of votes has been made, the result has been declared, the board of canvassers has adjourned *sine die*, and thereby became *functus officio* and incapable of reconvening, either of its own volition or by order of court.   (*Rosenthal v. State Board of Canvassers*, 50 Kan. 129, 32 Pac. 129, 19 L. R. A. 157.)

A court will not make an order which in the nature of things cannot be obeyed.   Thus, when a justice of the peace erroneously refused to grant a change of venue of a case, but retained it for trial and rendered judgment in it, which judgment was collected on execution, it was held that mandamus would not lie to compel the change of venue.   (*Ellis v. Whitaker*, 62 Kan. 582, 64 Pac. 62.)   In *Parsons v. Tetirick*, 63 Kan. 879, 64 Pac. 1028, it appeared that, after the issuance of a peremptory writ of mandamus to compel the transfer of shares of corporation stock, and pending the conduct of proceedings in error therefrom, the corporation became insolvent, its affairs were wound up by order of court, the whole of its assets disposed of, its officers went out of position entirely, and it retained nothing but a nominal existence.   The proceedings in error were accordingly dismissed because of the futility of any order which, were it to be made, would

be of no substantial avail, the court, among other things, saying:

"It has been many times held that if, during the pendency of an appeal, the order of mandamus appealed from is obeyed, or if an order has been applied for and denied, and an appeal perfected therefrom, and during its pendency the order, if made, has become impossible of performance, the appeal will be dismissed."

In *Knight v. Hirbour*, 64 Kan. 563, 67 Pac. 1104, mandamus was issued commanding an undertaker to deliver the remains of a deceased man to his relatives, or, what was the same thing, to restrain the undertaker from withholding the remains from the relatives. Possession was delivered, the corpse transported to a distant state, and there interred. It was accordingly held:

"Where a decree of the district court awarding a mandatory injunction has been complied with and the writ obeyed, this court will not consider a proceeding in error brought to reverse such decree, when it appears that the subject of the order is no longer in existence."

In the two cases last mentioned the decisions of other states declaring and illustrating the rule in question were cited.

The application of that rule to this case is not prevented by the making of a protest against the order to which obedience was rendered, nor does the inability of the plaintiffs in error to make up their record and file it in this court and procure an order of stay from us before the return-day of the peremptory writ take the case out of the operation of the rule.

The proceeding in error is dismissed.

All the Justices concurring.