. C. N. WATERS, *as Treasurer, etc.,* v. JOHN GARVIN.
No. 13,305.  (73 Pac. 902.)

C. N. WATERS, *as Treasurer, etc.,* v. JOSEPH CLYNE.
No. 13,306.  (73 Pac. 902.)

Error from Stafford district court; ANSEL R. CLARK, judge.  Opinion filed October 10, 1903.  Dismissed.

*T. W. Moseley,* for plaintiff in error.
*Hardy Sayre,* for defendant in error.

*Per Curiam:* John Garvin and Joseph Clyne prosecuted the above actions against C. N. Waters, as treasurer of Stafford county, to enjoin the collection of certain taxes which they claimed were illegally assessed against them. Demurrers were sustained to defendant's answers and judgment for costs rendered thereon for plaintiff in each cause. Thereafter the clerk of the district court certified to the board of county commissioners of Stafford county the cost bill in each case for all costs which had accrued, which were allowed by the board of county commissioners and an order made that the county clerk draw a warrant on the general fund of the county for their payment.  It appears that the board of county commissioners allowed said bills and ordered their payment upon the condition that if the cases should be reversed in the supreme court and the costs paid by the plaintiff they should be repaid to the county.

The board of county commissioners of each county has charge of all litigation in which the interests of the county are involved, and in civil actions a county is liable in case of defeat for all costs.  If the board of county commissioners had intended to preserve the rights of the county to prosecute proceedings in error to this court, it should not have complied with the judgment of the court by paying the costs in the actions.  After having done so there is no question open for dispute between the parties. The judgment of the court below having been complied with, nothing is left to litigate in this court.  The conditions under which the costs were paid, that if the cases should be reversed and the costs collected from plaintiffs that they should be repaid to the county, does not serve the purpose of keeping the causes pending nor the judgments, the validity of which the board recognized by complying therewith, open.

The proceedings in both cases in this court are dismissed.