Jenal v. Felber.

---

C. D. JENAL *et al.* v. JOHN H. FELBER *et al.*

No. 15,231.    (95 Pac. 403.)

PRACTICE, SUPREME COURT—*Review of Matters Not Determinable.* The rule applied that this court will not consider and decide questions when it appears that any judgment it might render would be unavailing.

Error from Neosho district court; LEANDER STILL-WELL, judge. Opinion filed April 11, 1908. Dismissed.

*J. L. Denison,* and *C. S. Denison,* for plaintiffs in error.

*H. P. Farrelly, T. R. Evans,* and *T. F. Morrison,* for defendants in error.

*Per Curiam:* This action was commenced by the plaintiffs in error in the district court of Neosho county on January 1, 1906, to recover damages and other relief on account of the fraudulent procurement of a

conveyance of certain real estate. A general demurrer to the petition was sustained March 9, 1906, and a judgment in favor of the defendants in error was entered thereon. On April 26, 1906, George S. Wilson, one of the successful defendants in that action, who was in possession of the real estate in question and claimed to be the owner thereof, commenced a suit in the same court to quiet his title to the land. The plaintiffs in error were made parties defendant, and they filed an answer and cross-petition therein, which contained the same averments that were set out in their petition filed January 1, 1906, as before stated. On August 2, 1906, a reply to this answer and cross-petition was filed, which set up the judgment in the former case as a bar, alleging that it had not been reversed, vacated or modified, but had become final. On October 22, 1906, the petition in error in this case was filed to obtain a reversal of that judgment. On December 12, 1906, the suit to quiet title was tried in the district court, and the plaintiff therein, George S. Wilson, recovered a decree against the plaintiffs in error, which has become final, no proceedings having been taken to have the same reversed.

Upon these facts the defendants in error have filed a motion in this case asking for a dismissal thereof. It is urged by them that all questions involved were finally decided in the suit to quiet title, and that nothing remains to be determined. More than a year having passed since the judgment was rendered, no proceedings in error can be had in the future.

This court has frequently held that it cannot consider and decide questions when it appears that any judgment it might render would be unavailing. (*Ziegler v. Hyle*, 45 Kan. 226, 25 Pac. 568; *Ellis v. Whitaker*, 62 Kan. 582, 64 Pac. 62; *Parsons v. Tetirick*, 63 Kan. 879, 64 Pac. 1028; *Knight v. Hirbour*, 64 Kan. 563, 67 Pac. 1104; *Crouse v. Nixon*, 65 Kan. 843, 70 Pac. 885; *Waters v. Garvin*, 67 Kan. 855, 73 Pac. 902;

*Stibbens v. Telegraph Co.*, 69 Kan. 845, 76 Pac. 1130.) In the last-named case it was said:

"The duty of the court is to determine real controversies and to give judgments that are effective. It is not warranted in considering and deciding hypothetic questions or abstract propositions, or in laying down rules of law which cannot affect the matter in controversy between the parties." (Page 845.)

In this case all the questions presented have been finally determined by a court of competent jurisdiction. The judgment is binding and conclusive upon all the parties interested. No decision of this court can affect any of these rights; it would, therefore, be useless to determine or consider the questions presented.

The plaintiffs in error insist that the petition in error was filed in this court before the final determination of the suit to quiet title, and, as the question of who should pay the costs which have accrued has not been disposd of, this court should determine the case on its merits for the purpose of ascertaining how the costs should be taxed. The case of *Gross v. Shaffer*, 29 Kan. 442, is cited in support of this contention. That case, however, is not different in principle from those above cited. A part of the original controversy remained undisposed of, which is shown by the fact that the case was reversed and remanded for a new trial. What is said in the opinion concerning costs, therefore, cannot be regarded as the sole reason for retaining the case for decision. If, in this case, it should be determined that the district court erred, there would be nothing relating to the controversy involved in the action for which a new trial could be awarded, nor could this court order a change or modification of the judgment in any respect which would affect the merits of the controversy. In this respect it differs materially from the case cited.

The subject-matter of the litigation here is ended. There is nothing concerning it left for determination.

The motion to dismiss is allowed.