R. L. COMEAUX *et ux.* V. JOHN H. WEST *et al.*

No. 15,569.   ( 97 Pac. 381.)

1. WAIVER — *Right to Prosecute Error — Compliance with the Judgment.* A judgment canceling a contract for the purchase of land ordered that if the vendee did not surrender possession within three days execution should issue directing the sheriff to evict him. It was said that by voluntarily surrendering possession the vendee waived the right to prosecute error.

2. —— *Duress.* It was said the fact that restitution was ordered and an execution was authorized but not issued did not amount to duress nor avoid the effect of the waiver.

Error from Brown district court; WILLIAM I. STUART, judge. Opinion filed June 6, 1908. Dismissed.

*John F. Kerrigan,* and *James Falloon,* for plaintiffs in error.

*Sample F. Newlon,* and *F. M. Pearl,* for defendants in error.

*Per Curiam:* R. L. Comeaux entered into a contract with John H. West and D. C. Barnes to purchase a hotel property, for which he was to make payments in certain instalments at specified times. He obtained possession of the property, but failed to make the payments or to comply with the conditions of the purchase. West and Barnes began this proceeding to cancel the contract and to recover possession of the property, and they finally secured a judgment to that effect. It was decreed that if possession was not surrendered within three days execution should issue directing the sheriff

to evict the defendants and put plaintiffs in possession of the property. Within a few days after the judgment was rendered the defendants surrendered the possession of the premises in accordance with the decree, but they are here insisting on a review of the judgment with which they have complied. The plaintiffs' motion to dismiss the proceeding in error because of the voluntary surrender of the possession and the compliance with the judgment must be allowed. The recovery of possession, because of non-compliance with the contract which was canceled, was the important thing in litigation, and when the defendants voluntarily surrendered possession they necessarily waived the right to prosecute error. The fact that the decree ordered restitution and that an execution for that purpose was authorized but had not been issued does not amount to duress nor avoid the effect of the waiver consequent upon the compliance with the judgment.

The proceeding is dismissed.