Caleb Winfrey, *Appellee*, v. Charles Clapp *et al.*
(T. A. Mathews, *Appellant*).

No. 17,550.

HEADNOTE BY THE REPORTER.

1. Pleadings—*Answer—Demurrer—Amended Answer.* Where a demurrer to an answer is sustained and defendant files an amended answer raising different issues, error of the court, if any, in sustaining the demurrer is thereby waived.

2. ———— *Order to Amend Answer—Complied With—Not Reviewable.* Where the court sustains a motion to make an answer more definite and certain and the order is complied with the ruling of the court on such motion is not reviewable.

3. ———— *Counterclaim.— Offset — Accounting of Partnership.* Under the evidence and findings of the court it is held that an allegation in an answer for a partnership accounting was not a proper matter to be litigated in an action to foreclose a mortgage.

4. Subrogation—*To Rights of Mortgagee.* Under the evidence the judgment of the court subrogating the appellee to the rights of the appellant under a certain mortgage is not disturbed.

Appeal from Linn district court. Opinion filed April 6, 1912. Affirmed.

*L. C. Boyle*, and *S. L. Mathews*, for the appellant.

*Junius W. Jenkins*, and *Isaac Tavenner*, for the appellee.

*Per Curiam*: Caleb Winfrey sued to foreclose a real-estate mortgage given by Charles Clapp to T. A. Mathews, and assigned by Mathews to the plaintiff. Mathews and J. N. Smith were made defendants under the allegation that they claimed an interest in the property. Mathews filed an answer and cross-petition, alleging in effect that a partnership existed between Winfrey and himself; that the mortgage had belonged to the firm; that the title to the property had been transferred to Smith, who gave a new mortgage to Mathews, which became a part of the partnership assets; that upon a settlement a balance would be owing from Winfrey to Mathews. He therefore asked an accounting of the partnership affairs and a judgment for the amount found due him. A demurrer was sustained to this cross-petition, whereupon Mathews filed a new answer, stating that he was the owner of the mortgage executed to Clapp; that he had paid Winfrey $500 on his interest in it, and that Winfrey had collected enough upon it so that he had received $132.10 more than his share, for which amount Mathews asked judgment.

Upon a trial the court decided in favor of the plaintiff, but found that Smith had purchased the property in good faith, giving what was in effect a renewal mortgage to Mathews, the assignment of the Clapp mortgage from Mathews to Winfrey not having been recorded. In this situation, as the original mortgage could not be foreclosed against Smith, judgment was rendered subrogating Winfrey to the rights of Mathews under the new mortgage, which was not due and therefore could not be foreclosed. Mathews appeals.

Complaint is made of the sustaining of the demurrer to Mathews' pleading, which asked for an accounting. The ruling may have been technically erroneous, since the pleading alleged that the mortgage sued on was an asset of the unsettled partnership. But the defendant must be deemed to have waived his right to challenge

it by subsequently filing a new answer, complete in itself, raising different issues, and omitting all reference to a partnership. (*Rosa v. M. K. & T. Rly. Co.,* 18 Kan. 124.) Moreover, at the trial each party was given every opportunity to support his own theory of the relations of each to the Clapp mortgage. The court found that in fact the mortgage belonged to Winfrey. This necessarily established that it was not partnership property. That being the case, Mathews was not entitled as a matter of right to a partnership accounting in the action to foreclose it. The accounting was not "a right to relief concerning the subject of the action." (Civ. Code, § 97.) It was not allowable as a counterclaim, for it did not arise out of the transaction set forth in the petition. (Civ. Code, § 98.) And it was not pleadable as a set-off, since no money judgment was asked against Mathews. (Civ. Code, § 100.)

The sustaining of a motion to make the earlier answer more definite and certain is also complained of, but as the order of the court was complied with it is not reviewable. (1 Encyc. Pl. & Pr. 624.)

The appellant contends that the decision made was against the evidence. We think, however, there was a sufficient conflict to make the determination of the trial court final.

The evidence having developed that Smith was an innocent purchaser of the property, the court permitted the petition to be amended after judgment, to conform to that situation, and to ask that Winfrey be subrogated to Mathews' interest in the mortgage given by Smith, and have judgment against Mathews for the amount by which the original mortgage exceeded the new one. We think no prejudice resulted from this. The court found that Mathews was .indebted to Winfrey, by reason of the fact that the balance owing on the Smith mortgage was not so large as the amount due on the Clapp mortgage, but did not render judgment therefor. The judgment is an adjudication of the

rights of the parties, but owing to the peculiar situation could not provide for their enforcement by execution.

The judgment is affirmed.