No. 18,521.

CALEB WINFREY, *Appellee,* v. CHARLES CLAPP et al.
(T. A. MATHEWS, *Appellant*).

SYLLABUS BY THE COURT.

TRIAL—*Findings of Indebtedness—No Formal Judgment—Appeal—Affirmance—Jurisdiction of District Court.* Upon a trial in the district court a finding of indebtedness was regularly made and entered upon the journal, and a decree was rendered embracing other matters, but no formal judgment was entered for the amount so found due. An appeal from the judgment generally was taken to this court, resulting in its affirmance. Thereupon a motion for judgment on the finding for the amount so found due was made and sustained, no payment having been made. It is held that the court had not lost jurisdiction and a judgment upon the motion for the amount of the debt is affirmed.

Appeal from Linn district court; JOHN C. CANNON, judge. Opinion filed January 10, 1914. Affirmed.

*S. L. Mathews*, of Kansas City, Mo., for the appellant.

*Junius W. Jenkins*, of Kansas City, and *I. Tavenner*, of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BENSON, J.: The question to be decided relates to the power of a district court to render judgment upon findings of fact made at a previous term, an appeal having been taken meanwhile. This is a second appeal. (*Winfrey v. Clapp*, 86 Kan. 887, 122 Pac. 1055.)

The plaintiff commenced an action to foreclose a mortgage given by the defendant Clapp to Mathews and by Mathews assigned to the plaintiff. The defendant Smith purchased the premises, and made a new mortgage to the defendant Mathews, intended to be a renewal of the Clapp mortgage, the assignment of which had not been recorded. The court found that there was an amount due from Mathews to the plaintiff and subrogated him to the rights of Mathews under the new mortgage, which was not due and therefore could not be foreclosed. The facts are more fully stated in the report of the case upon the first appeal.

The appeal having been taken, nothing further was done in the district court until the mandate was received affirming the judgment. After that was filed the plaintiff, upon due notice, moved for a judgment on the finding against the defendant Mathews. This motion was sustained and a judgment was rendered accordingly for the sum so found due with interest and costs. The defendant Mathews appeals from this judgment.

In the appellant's brief questions are discussed that were disposed of on the first appeal and can not be reconsidered now. It is also argued that judgment

ought not to have been entered "upon a reason given by the trial court in rendering a judgment" now fully complied with. The judgment, however, was rendered upon an express finding. This finding is referred to in the report of this case upon the first appeal as follows:

"That Mathews was indebted to Winfrey, by reason of the fact that the balance owing on the Smith mortgage was not so large as the amount due on the Clapp mortgage." (*Winfrey v. Clapp*, 86 Kan. 887, 889, 122 Pac. 1055.)

No formal entry of judgment for the amount, however, was entered at that time, and the first appeal followed. The amount of the difference between the two mortgages is not disputed, therefore the only question presented upon this second appeal is whether the judgment, which the finding warranted, could properly be entered after the appeal was decided. This question must be answered in the affirmative. That the original judgment included other provisions, which have been complied with, does not preclude a recovery of indebtedness stated in the findings but not carried into the judgment at that time. The district court had not lost jurisdiction to complete its judgment, either by the appeal or by lapse of time, and no reason for disturbing it is perceived.

The judgment is affirmed.