CAMIEL SIMOENS, Appellant, v. THOMAS McMAHON et al., Appellees.

**APPEAL AND ERROR:** Dismissal—Moot Case—Expired Term of Lease. An appeal will be dismissed, as involving only the tax-

ation of costs, where the appellant, a tenant, gave up posses-
sion of the leased farm in controversy and took another from
a third person, from the date when he was required, under the
decree from which he appealed, to surrender possession of the
land in controversy, which decree dismissed his petition ask-
ing for specific performance of an agreement to make a new
lease for the second year, so that the term for which the new
lease was demanded had fully expired.      _

*Appeal from Linn District Court.*—R. P. HOWELL, Judge.

JULY 7, 1919.

REHEARING DENIED OCTOBER 22, 1919.

THE opinion sufficiently states the case.—*Affirmed.*

*J. M. Dower,* for appellant.

*T. A. Lane* and *Dutcher, Davis & Hambrecht,* for ap-
pellees.

PER CURIAM.—The defendant Thomas McMahon, as
administrator of the estate of James McMahon, deceased,
leased 320 acres of land to the plaintiff for the term of one
year from March 1, 1917. The lease was in writing, and con-
tained a clause reading as follows:

"If place not sold by October 1, 1917, second party has
the privilege of renting place one year more on same terms."

The rent was fixed at the gross or lump sum of $2,160
per year.

This action was begun in equity on January 10, 1918.
The petition alleges that plaintiff went into possession and
use of the premises under the lease, and in due time notified
the lessor of his election to take a new lease for the second
year; but that said lessor and the heirs, whom he repre-
sents, refuse to make the lease, and deny his right thereto;
and he asks a decree enforcing his said right, according to
the contract, to the use and occupancy of the premises for
the year beginning March 1, 1918.

In their answer, the defendants admit the lease for the year 1917, but deny plaintiff's right to a new or extended term for 1918, because, as they allege, they have sold and conveyed two 80-acre tracts thereof to John M. Weginek and James McMahon; and for the further reason that plaintiff has forfeited all rights under the lease by failure to cultivate and care for the land according to the agreement.

On trial of these issues to the court, the petition was dismissed, and plaintiff appeals. The appellee has filed a motion to dismiss the appeal because there is no longer any subject-matter of controversy upon which the court can award the appellant material or substantial relief. The motion is grounded upon the following undisputed facts: This action, as we have seen, was begun in January, 1918, while the lease was still in force, and was tried and decided before the expiration of the year, and when plaintiff was still in possession. The decree confirmed the plaintiff's right to such possession for the remainder of the year, but required its surrender on the 1st of March. No execution or writ to oust the plaintiff was issued, and no supersedeas, stay, or order of any kind was applied for by the plaintiff or granted by the court; but, within a few days after the case had been tried and decided, and before March 1st, plaintiff leased another farm of a third person, and, on March 1st, relinquished and abandoned possession of this land to the defendants, who have ever since been in the occupancy and control thereof. This appeal was not taken until May 31, 1918,—three months after plaintiff's voluntary surrender of the premises. The prayer of the petition was for equitable relief only—the specific performance of the conditional agreement to make a new lease for the second year. No damages were alleged or proved. The term for which the new lease was demanded has fully expired.

Under these circumstances, we think the motion is well taken, and must be sustained. It need not be held that the

mere expiration of the time for which the right to a lease was claimed would, under all circumstances, reduce the controversy to a mere moot question, which the court will not undertake to decide; but we regard it as well settled that, if the appellant voluntarily does that which leaves nothing upon which the court can grant him any material or apparent relief, beyond the mere taxation of costs, should the appeal be decided in his favor, the court will refuse to inquire into the merits, and the appeal will be dismissed, on motion.

When this appeal was taken, plaintiff had already yielded to the decree which he seeks to reverse. By no possible haste of preparation, or even by consent or waiver of the parties, could the appeal have been submitted and decided until the fall term, 1918, of this court, when it was no longer possible to grant the plaintiff the one specific thing for which he asked—the possession and use of the land for the year 1918. What might have been the rights or remedies available, had he been ousted from the possession by the sheriff, under the decree, or had sought or obtained a stay of the proceedings by supersedeas bond or otherwise, we need not consider; for the record does not present that question. The sole matter in dispute was the possession and use of the premises for the year 1918; and since he has voluntarily surrendered it, the court will, of necessity, decline to enter an ineffective order to give it back to him. *Scott v. Pinkerton*, 168 N. W. 117 (not officially reported); *Comeaux v. West*, 78 Kan. 404 (97 Pac. 381).

The appeal is dismissed, at appellant's cost.—*Dismissed.*

, LADD, C. J., GAYNOR and STEVENS, JJ., concur.