No. 23,892.

*In re* The Estate of JOHN T. McCOY, Deceased (JAMES H. ELLIOTT, as an Individual and as Executor, etc:, *Appellant,* v. HATTIE V. DAUGHERTY et al., *Appellees*).

### SYLLABUS BY THE COURT.

EXECUTOR—*Disobedience of Order of Distribution—Appeal—Costs.* On an appeal of an executor from an order to pay out the money in his hands upon final settlement it is held that the basis of distribution ·fixed by the probate court and acquiesced in by the parties in interest was binding upon him, and that the costs of his appeal to the district court from an order directing compliance therewith were properly taxed to him personally.

Appeal from Cherokee district court; FRANK W. Boss, judge. Opinion filed July 8, 1922. Affirmed.

*C. A. McNeill,* of Columbus, for the appellant.
*C. E. Pile,* of Parsons, for the appellees.

The opinion of the court was delivered by

MASON, J.: The probate court made an order for the division of the personal estate of a testator in a somewhat different proportion from that indicated in the will, the matter being affected by sums given to beneficiaries after its execution. A few weeks later the court ordered the executor to distribute the amount then in his hands on final settlement in accordance with the prior order. The executor took an appeal from the second order to the district court, where the same result was reached, from which he again appeals.

The executor undertakes to excuse his failure to appeal from the first order on the ground that he did not have notice or knowledge of it in time to do so, and urges that for that reason it was void. If the contention otherwise had merit it would be enough to say that the journal of the probate court recites that he was present and took part in the hearing upon which it was made. None of the

persons really concerned in the matter—the heirs, devisees and legatees—are making any objection. The executor asserts that he has not money enough on hand to make the payments in the manner provided in the will. He testified that he always considered that the real estate would need to be sold or some means provided to get money enough for that purpose. The basis of distribution ordered by the court and acquiesced in by the parties in interest was binding on him. He complains of the costs in the district court having been adjudged against him personally. The appeal from the order of the probate court does not appear to have been for the benefit of the estate and we see no reason why it should bear the expense.

The judgment is affirmed and the mandate will be issued at once.