No. 31,817

Olive Mann, *Appellant*, v. W. K. Mann, *Appellee* and *Cross-Appellant*.

(38 P. 2d 147)

Opinion filed December 8, 1934.

*J. D. M. Hamilton,* of Topeka, *James A. McDermott, Chandler F. Jarvis,* both of Winfield, and *Edward J. Fleming,* of Tulsa, Okla., for the appellant.

*H. W. Hart, Glenn Porter, Enos E. Hook, Getto McDonald* and *Dwight S. Wallace,* all of Wichita, for the appellee and cross-appellant.

The opinion of the court was delivered by

Thiele, J.: This is an appeal from a judgment making a division of property in a divorce action.

In a prior appeal (*Mann v. Mann,* 136 Kan. 331, 15 P. 2d 478) the judgment of the lower court was reversed because of abuse of discretion in making a property division, and the cause was remanded. Thereafter plaintiff filed an amendment to her petition making radical changes in her allegations as to the properties owned by either or both parties and claiming that certain real estate was her separate property. The judge of the trial court who tried the first action disqualified himself and the matter was tried by a judge *pro tem.* who, after hearing voluminous testimony, found against the contentions of the plaintiff as to said real estate being the separate property of appellant, and in a division of property awarded to her the real estate and certain personal property, and to the defendant certain personal property. From that judgment plaintiff appeals to this court, assigning as error that the court did not award

her her separate property and abused its discretion in its award to her, etc.

It appears that one of the tracts of real estate awarded to plaintiff was improved with a duplex dwelling; the upper apartment was occupied by the defendant and he was in possession of the real estate at all times mentioned. Subsequent to the appeal having been perfected and on May 24, 1934, appellant's counsel, who represented her in the lower court and here, being not available, appellant retained other counsel and brought an action to recover rents due from the tenant of the lower apartment of the above-mentioned duplex and to recover possession thereof. As soon as regular counsel discovered what had been done, they caused that action to be dismissed. Appellee has filed a motion to dismiss the appeal, urging that by bringing the above action appellant accepted the judgment rendered and can no longer maintain her appeal. Appellant argues that what she did was not inconsistent with her appeal. We cannot agree.

It is not disputed that defendant was in possession of the particular real estate, receiving the benefits thereof, at the time of trial of the action and thereafter. Appellant claimed the real estate as her separate property and the trial court found against her, but in making an award to her did give her the particular tract. She was not satisfied, and appealed. Either she was entitled to the real estate by virtue of the court's judgment or she was not entitled to it at all, and when she brought the action to recover rents and possession she had to base her claim of ownership on that judgment. We concede that appellant did not intend to prejudice her appeal, but as was said in *Bank v. Bracey,* 112 Kan. 677, 212 Pac. 675:

"In no case in which an appeal has been dismissed was it the intention of the party recognizing validity of the judgment to prejudice his appeal, and in several instances the intention not to prejudice the appeal was expressly declared." (p. 679.)

In that case appellant recognized the finality of the judgment by paying the costs awarded against it, and pleaded ignorance of the consequences of its act. Previous decisions of this court are discussed in the opinion to which reference is made. See, also, the more recent case of *Hyland v. Hogue,* 131 Kan. 512, 292 Pac. 750, where, in an action consisting of several items, it was held that the appellant could not accept the amount allowed in his favor and per-

fect an appeal as to the remainder notwithstanding he expressly reserved in writing his right to proceed with the appeal.

The fact that appellant claimed in the amendment to her petition that the particular real estate was her separate property did not make her action in bringing suit for rents and possession consistent with the judgment rendered; on the contrary, it was inconsistent. She accepted in part the judgment in her favor and is bound thereby. Her appeal is dismissed.

Defendant has a cross-appeal, which will be noticed briefly. He complains that the court erred in charging him with moneys received during the pendency of the action, but expresses a willingness that under certain circumstances, not necessary to detail, his appeal may be dismissed. We have examined the record respecting the division of the property, and without specification of items or the testimony pertaining thereto, it does not appear that the court abused its discretion. In disposing of the matter, the lower court gave plaintiff judgment against defendant for $562.57 to cover certain taxes on real estate awarded to plaintiff, and made the judgment a lien on the property awarded defendant, and decreed that defendant pay plaintiff attorney's fees totaling $1,000 and the costs of the action, and that said sums for attorney's fees and costs and any balance due upon the judgment for attorney's fees rendered in the supreme court be a lien upon the property awarded to defendant, and provided that if defendant should not pay said liens within one year from December 15, 1933, an order of sale should issue. By reason of this appeal that time has almost expired, and the defendant could not safely comply therewith, and it is proper that such time be extended for a further period of six months or to June 15, 1935.

The judgment of the lower court is modified by extending the time to June 15, 1935, in which defendant shall pay the liens adjudged against the property awarded him before an order of sale issue, and the cause is remanded for further proceedings consistent herewith.