No. 34,151

L. L. CARDIN, Administrator of the Estate of Walter Apple, Deceased, *Appellee*, v. HARRIETT E. APPLE, Administratrix, etc., *Appellant* (CHAUNCEY E. APPLE, *Appellee*).

(92 P. 2d 32)

Opinion filed July 8, 1939.

*F. W. Boss, Marc Boss* and *C. B. Skidmore,* all of Columbus, for the appellant.

*C. E. Rumery,* of Baxter Springs, and *Grover C. James,* of Joplin, Mo., for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from an order of the district court overruling a motion to dismiss an appeal by one of two coadministrators of the estate of Walter T. Apple, deceased, from a finding of heirship and final order of settlement and distribution made by the probate court, and also an appeal from the judgment of the district court.

While two estates are mentioned in this lawsuit, the estate with which we are primarily concerned and in which the order of heirship and distribution was made, is the estate of Walter T. Apple, deceased. Walter T. Apple died intestate July 18, 1932, and left surviving only collateral heirs. The coadministrators of his estate were Spencer B. Apple, his brother, and L. L. Cardin, his brother-in-law. Spencer B. Apple was also the attorney for the estate. L. L. Cardin appealed from the decree of heirship and from the final order of distribution in his capacity as administrator. His complaint on appeal to the district court concerned the finding of the probate court that Chauncey W. (Butler) Apple, had not been legally adopted and was therefore not an heir of the deceased. His complaint likewise concerned the resulting order of distribution which directed the administrators to distribute a total sum of money then held in a special fund by L. L. Cardin, in the sum of $13,473.06, to the respective heirs in accordance with the decree of heirship. That particular fund, with the exception of two items in the respective amounts of $1,963.91 and $608.30, consisted of disbursements which had been made on orders of the probate court during the process of administration as the share of Chauncey W. (Butler) Apple, on the theory at that time that he was a brother of the deceased. The residence or whereabouts of Chauncey W. (Butler) Apple was unknown and for that reason the disbursements had been set aside to him in this special fund. The item of $1,963.91 constituted the amount which had been decreed in the sale of lands under three separate partition suits to be the share of Chauncey W. (Butler) Apple as a brother and heir of the deceased. No appeals had been perfected from any of the judgments in the partition suits at the time of the final decree of heirship and distribution in the probate court and the time for such appeals had then expired. The item of $608.30 constituted oil royalties from lands of the deceased. The record does not disclose that the probate court had at any

time directed the administrators to take possession of the real estate of the deceased and of the income therefrom on the ground it was necessary for the payment of decedent's debts. On appeal in the district court the administrator contended the probate court had no jurisdiction over these particular funds of $1,963.91 and $608.30.

The deceased had a brother, William B. Apple. Chauncey E. Apple was one of the three heirs of William B. Apple, deceased. Chauncey E. Apple, on final order of settlement and distribution, contended that Chauncey W. (Butler) Apple had not been legally adopted by the parents of Walter T. Apple, deceased, and was therefore not entitled to inherit as a brother of Walter T. Apple, deceased. The probate court sustained the contention. Harriet E. Apple was the administratrix of the estate of William B. Apple. She moved to have the appeal of L. L. Cardin, administrator, dismissed in the district court. The grounds for her motion will be considered presently. The motion was overruled as to all parties except Spencer B. Apple, administrator. The district court tried the question of heirship and decided that Chauncey W. (Butler) Apple was legally adopted by the parents of the decedent and was entitled to inherit as a brother of the decedent. It is from that final judgment and from the order overruling her motion to dismiss the appeal of the administrator that Harriet E. Apple, administratrix of the estate of William B. Apple, appeals to this court. In order to avoid confusion in names, we shall hereafter refer to Chauncey W. (Butler) Apple, as Butler.

Before considering the merits of the appeal we are confronted with the motion of L. L. Cardin, administrator and appellee, to dismiss the appeal to this court. The basis of the motion is that Butler, whose rights are involved in this appeal, was not notified of the appeal as required by G. S. 1935, 60-3306. The pertinent portion of that statute reads:

"A copy of such notice must be personally served on all *adverse parties* whose rights are sought to be affected by the appeal, *and who appeared and took part in the trial,* or their attorneys of record; or, if such service cannot be made within the state, service may be made by a notice, properly addressed to such persons or their attorneys of record at their places of residence, deposited in the mail, if their places of residence are known. Proof of such service shall be made by affidavit, and in case the residence of the party and his attorney is not known, an affidavit of the appellant or his attorney may be attached to the notice filed with the clerk, stating that the residence of such party and his attorney is unknown, and that the appellant is unable to ascertain the same; and thereupon the appeal shall be deemed to be perfected." (Italics ours.)

It is conceded Butler was not served with notice of appeal.

Appellee insists Butler is an "adverse party," as defined in *Peoples State Bank v. Hoisington Mercantile Ass'n,* 118 Kan. 61, 234 Pac. 71; *Lebanon State Bank v. Finch,* 137 Kan. 114, 118, 19 Pac. 709, and similar decisions from this and other jurisdictions and 3 Am. Jur., § 465. Butler, however, did not individually or by attorney take any part in the trial. Was he in fact a party to the action in the district court and just what is in reality the question before us for review? In view of these problems we prefer to deal first with other questions involved and shall return later to the contention the appeal should be dismissed.

Appellant contends first, L. L. Cardin could not maintain the appeal to the district court in his official capacity as administrator; second, as administrator, he complied in part, with the probate court's order of final settlement and distribution by the following payments: the costs of administration, Spencer B. Apple's distributive share, the coadministrator's fees in the sum of $1,000 and attorney fees to Spencer B. Apple who also represented the estate, in the sum of $750. She insists the appellee acquiesced in the decree of heirship and final order of settlement and distribution and will not now be heard to complain; third, the administrator did not perfect his appeal to the district court as required by law, either as to Spencer B. Apple, the coadministrator, or as to Butler.

What about the first contention? It is well settled that a person cannot appeal from a judgment or decision unless he is aggrieved thereby. (*Burton and Shoemaker v. Boyd,* 7 Kan. 17; *Payne v. National Bank,* 16 Kan. 147; *McLeod v. Palmer,* 96 Kan. 159, 150 Pac. 535; *Elliott v. Daugherty,* 111 Kan. 780, 208 Pac. 551; 2 Am. Jur., Appeal and Error, § 152.) How was the administrator, L. L. Cardin, aggrieved in his official capacity? An executor or administrator is an arm of the court and is not concerned with a decree of heirship nor ordinarily with orders of distribution. G. S. 1935, 22-904, makes it the duty of the probate court upon the hearing of final settlement to determine who are the heirs, devisees and legatees of the deceased, and G. S. 1935, 22-313, *Fourth,* makes it the duty of an administrator to pay any balances remaining in his hands upon the settlement of his accounts, to such persons as the court or the law shall direct. This latter statute fixes the conditions of the administrator's bond. The heirs are the "interested parties" in an appeal from the decree of heirship and order of distribution, and the administrator cannot

litigate the claims of one set of heirs against the other. The distribution of assets of the estate over which the court has jurisdiction, ordered by the court and acquiesced in by the parties in interest is binding on the administrator. (*Elliott v. Daugherty*, 111 Kan. 780, 208 Pac. 551.) G. S. 1935, 22-915, provides that when the account is settled in the absence of any person adversely interested, and without actual notice to him, the account may be opened on his filing exceptions to the account at any time within six months thereafter. In the instant case no heir appealed from the final order of heirship or settlement and distribution as authorized by G. S. 1935, 22-1102, and no heir has taken any exceptions thereto as permitted under G. S. 1935, 22-915. That an administrator is ordinarily not an interested party in an appeal from a decree of heirship and order of distribution is also well supported by numerous authorities other than our own. A few of them are *In Re Enoch Vincent's Estate*, 84 Vt. 89, 78 Atl. 714; *Peck's Admr. v. Peck's Admr.*, 91 Vt. 91, 99 Atl. 635; *Simonds v. Simond's Estate*, 96 Vt. 110, 117 Atl. 103; *Stilphen, Appellant*, 100 Me. 146, 4 Ann. Cas. 158; *Bates v. Ryberg*, 40 Cal. 463; *Merrifield v. Longmire*, 66 Cal. 180; *Goldtree v. Thompson*, 83 Cal. 420, and *Bryant et al. v. Thompson*, 128 N. Y. 426.

But was the administrator in his official capacity not an interested party insofar as the distribution of the two items of $1,963.91 and $608.30 was concerned? In view of the record before us those two funds never became any part of the estate to be administered by the probate court and manifestly that court was in no wise vested with jurisdiction over them. The final order of distribution, insofar as it pertained to those particular items, was clearly void. The order, therefore, involved a question of the administrator's duty and a question of whether obedience thereto might not subject him to liability. Under these circumstances the administrator was an interested party and had the right of appeal. (*In re Welch*, 106 Cal. 427, 39 Pac. 805; *In re Clark's Estate*, 79 Vt. 62, 64 Atl. 231; *Agnew v. Agnew*, 52 S. D. 472, 218 N. W. 633, 59 A. L. R. 1549, and 2 Am. Jur., Appeal and Error, § 156.) We think our statute, G. S. 1935, 22-1104, likewise contemplates the administrator's right to appeal under such circumstances.

Appellant, however, insists that if the administrator had any right of appeal the motion to dismiss the appeal to the district court should nevertheless have been sustained. The contention is based upon the theory that the district court could have no jurisdiction to render an

effective judgment of distribution as to the exact shares of the various heirs, unless all of such heirs were made parties to the appeal. On the appeal to this court it must be assumed Spencer B. Apple was not a party to the action in the district court. The motion to dismiss the appeal to the district court was sustained as to Spencer B. Apple; no appeal was taken from that order, and it is final. At least one heir was, therefore, not a party to the appeal. We shall, under a subsequent contention of appellee, discuss the question of whether Butler was a party to the action in the district court. We think, however, appellant's contention that the entire appeal to the district court should have been dismissed, is unsound in view of the particular question over which the district court obtained jurisdiction. The sole question over which the latter court obtained jurisdiction was whether the probate court's order directing distribution of the items of $1,963.91 and $698.30 was void. That legal question was determinable by the district court when it acquired jurisdiction over the administrator, the funds in question, and any one of the heirs. Appeals were properly perfected as to at least seven of the nine heirs. While such a judgment itself could not be said to constitute a judgment against heirs who were not parties to the action, it would constitute an adjudication of the validity of the order. Under the facts in the instant case, if that order was void, as to one heir, it follows it was, of course, void as to all heirs. The motion to dismiss the entire appeal was properly overruled.

In this particular case the district court should have limited its judgment to the single issue over which it had jurisdiction. This court must likewise limit itself to that single issue. We are obliged to conclude the order of distribution made by the probate court as to the two items mentioned was void, and the administrator, L. L. Cardin, was entitled to have that single question determined. In view of that limited jurisdiction of the district court and of this court on appeal, the proper distribution of the items of $1,963.91 and $608.30 cannot be directed in this particular action.

Appellant finally contends the administrator complied, in part, with the final order of distribution, that such compliance constituted acquiescence therein, and that he will not now be permitted to complain concerning it. In support of the contention he cites 2 Am. Jur., Appeal and Error, § 206; 3 C. J., Appeal and Error, §§ 536, 550; *Wolf v. McMahon,* 26 Kan. 141; *State v. Conkling,* 54 Kan. 108, 37 Pac. 992; *York v. Barnes,* 58 Kan. 478, 49 Pac. 595; *Waters v. Garvin,* 67

Kan. 855, 73 Pac. 902; *Winfrey v. Clapp*, 86 Kan. 887, 122 Pac. 1055; *Round v. Power Co.*, 92 Kan. 894, 142 Pac. 292; *Hyland v. Hogue*, 131 Kan. 512, 292 Pac. 750; *Paulson v. McCormack*, 133 Kan. 523, 1 P. 2d 259; *Clothier v. Wallace*, 137 Kan. 928, 22 P. 2d 462; 45 Am. St. Rep. 270, and note. We do not regard the authorities cited as conclusive under the facts in this particular case. In the first place the order, insofar as the two particular items mentioned are concerned, was void. In contemplation of law, no payments could have been made in obedience to that order out of money representing those particular funds. The reason is obvious. The situation was the same as though no order had been made concerning those two funds. Moreover, the coadministrator, Spencer B. Apple, was likewise the attorney for the estate, and in view of the entire record we would not well be able to say, assuming the order had been valid, that the payments were voluntarily made by the administrator, L. L. Cardin.

We shall now return to the contention of appellee that the appeal to this court should be dismissed. The contention is based upon the fact that no notice of appeal to this court was served on Butler. Appellee insists that, notwithstanding Butler's absence, notice of appeal might have been served upon him in accordance with the provisions of G. S. 1935, 60-3306, heretofore quoted. The trouble with the contention is that the statute is not applicable for the reason that Butler did not appear and take any part in the trial in the district court. Appellee contends Butler was a party to that trial. That contention is based upon the fact that an affidavit was made by the attorney for the appellee, disclosing diligence in an effort to serve notice of appeal to the district court on Butler, but that such diligence was unavailing. Appellee admits the probate code does not expressly authorize the use of such affidavit in lieu of actual notice of appeal, as does G. S. 1935, 60-3306, on appeals from the district court to this court. He contends, however, that G. S. 1935, 60-3308, makes the procedure provided by G. S. 1935, 60-3306, applicable to appeals from the probate court to the district court. G. S. 1935, 60-3308, reads:

"Appeals to courts other than the supreme court shall be taken and proceedings therein had in the same manner as is herein provided for appeals to the supreme court, *except where special provision with reference to such appeals is made by statute.*" (Italics ours.)

The difficulty with appellee's last contention is that the probate code contains its own special provision for proceedings on appeal. Under the provisions of G. S. 1935, 22-1102, appeals must be taken

within thirty days from the date of the adverse decision. It must be taken by giving notice of appeal in open court, entered on the record, or by written notice to the opposite party, or his attorney of record. It then provides that proof of service of such notice must be made by affidavit of the party taking the appeal showing service of such notice and that such affidavit must be filed with the probate court. No notice of appeal was given in open court nor was any written notice served on Butler or his attorney. We might also say the affidavit was not filed within thirty days. In this connection it may also be well to note the pertinent provisions of G. S. 1935, 60-3823, which reads: "Until the legislature shall otherwise provide, this code shall not affect proceedings . . . under the statutes for the settlement of estates of deceased persons . . . but such proceedings may be prosecuted under the code whenever it is applicable." It clearly appears the probate code provides its own special proceedings for appeal and the provisions of the civil code are not applicable to appeals from the probate court to the district court. It follows the motion to dismiss the appeal to this court cannot be sustained.

The action is remanded with directions to the district court to dismiss the appeal from the probate court as to all issues except the single issue of the jurisdiction of the probate court to make the order of distribution pertaining to the item of $1,963.91, and the item of $608.30. As to those specific items the judgment of the district court should reverse the order of the probate court. It is so ordered.