No. 80,362

YOLANDA HUET-VAUGHN, M.D., *Appellant*, v. KANSAS· STATE BOARD OF HEALING ARTS, *Appellee*.

(978 P.2d 896)

Opinion filed April 16, 1999.

*Donald G. Strole*, of The Law Offices of Donald G. Strole, of Lawrence, argued the cause, and *Sally G. Kelsey*, of the same firm, was with him on the briefs for appellant.

*Mark W. Stafford*, of Topeka, argued the cause and was on the brief for appellee Kansas State Board of Healing Arts.

*Henry M. Stoever*, of Overland Park, was on the brief for *amici curiae* .

The opinion of the court was delivered by

ABBOTT, J.: Plaintiff Yolanda Huet-Vaughn, a licensed physician, was publicly censured and assessed an administrative fine of $5,000 by the Kansas State Board of Healing Arts (Board). That order was affirmed by the Shawnee County District Court. Plaintiff appealed and the appeal was transferred to this court pursuant to K.S.A. 20-3018(c).

Plaintiff was a Captain in the United States Army Reserve Medical Corps, and her reserve unit was ordered to active duty in re-

sponse to "Operation Desert Shield." Plaintiff left her military unit without authorization to avoid deployment to the military conflict.

Plaintiff was found guilty by general court martial of "desertion with intent to avoid hazardous duty and shirk important service." Plaintiff was initially sentenced to total forfeiture, dismissal from service, and confinement for 30 months. Confinement was reduced to 15 months. Subsequently, the Secretary of the Army remitted 7 months of confinement after plaintiff had served 240 days of her sentence.

The Board concluded in its final order that plaintiff's military conviction was a conviction for which punishment is comparable to that for a felony conviction by the State of Kansas and that plaintiff was subject to discipline under the Kansas Healing Arts Act (Act) (K.S.A. 65-2801 *et seq.*). The Board disciplined plaintiff under K.S.A. 65-2836(c) ("The licensee has been convicted of a felony or class A misdemeanor, whether or not related to the practice of the healing arts."). The sole issue raised by plaintiff on appeal is whether her military conviction constitutes a felony within the meaning of the Act.

A number of people and organizations have joined the *amici curiae* brief. This brief primarily expresses concern for the denial of plaintiff's defense on a conscientious objector basis. The issue of plaintiff's intent and her status, or lack thereof as a conscientious objector, is not relevant to the issue presently before this court, as such matters go to the propriety of the conviction rather than to the legal consequences of the conviction.

The Board raises a jurisdictional issue. The Board contends that plaintiff acquiesced in the judgment by paying the fine imposed upon her by the Board. The Board found plaintiff violated K.S.A. 65-2836(c), and that because of that violation of the Act, plaintiff could be assessed an administrative fine in an amount not to exceed $5,000 pursuant to K.S.A. 65-2863a. She could also be publicly censured, as provided by K.S.A. 65-2836, for the same violation (among other penalties).

We emphasize that this appeal goes solely to the violation of K.S.A. 65-2836(c) and not to the individual penalties authorized by K.S.A. 65-2863a and 65-2836. If we should agree with plaintiff that

her court martial conviction and sentence are not violations of K.S.A. 65-2836(c), then *both* statutory penalties must be reversed. We believe it is important to keep this point in mind as we review the facts of this case and this court's prior decisions.

Here, the Board's order became final on March 4, 1997. The Shawnee County District Court affirmed that order on November 7, 1997. Plaintiff filed her notice of appeal to the Kansas Court of Appeals on November 24, 1997. The appeal was perfected on December 12, 1997.

Plaintiff filed a motion with the Board to stay that portion of the Board's final order which imposed the administrative fine of $5,000. On December 10, 1997, the Board ruled it did not have jurisdiction to consider plaintiff's motion because K.S.A. 77-528 only allows a party to seek a stay of a final order until the time when a petition for judicial review would no longer be timely. By December 10, 1997, the Board had not only lost jurisdiction to grant a stay, but so had the Shawnee County District Court, as its decision had been appealed to the Kansas Court of Appeals.

The Board's December 10, 1997 order stated that even if it had jurisdiction to consider a request for a stay of the final order, it would not grant one because (1) it had given plaintiff 1 year to pay the fine and no significant hardship required a stay, and (2) in the event the order was vacated by an appellate court "repayment of the fine would not be difficult."

Plaintiff did not apply to the Kansas Court of Appeals for a stay of the fine. Instead, she paid the fine on March 5, 1998. She did so by letter stating in pertinent part:

"While I continue to appeal your decision to fine and reprimand me for my decision, seven years ago, to not support the Persian Gulf War I have also been informed by my attorney Don Strole that you have denied deferment of the payment of the 5,000.00 dollar fine which you levied last March. I also understand that you may carry out further disciplinary action against me unless this fine is paid by March 6, 1998. For these reasons, and these reasons alone, I am making full payment of this fine today March 4, 1998. The payment of this fine is not meant in any way to concede the validity, correctness or legitimacy under the law of your disciplinary actions against me.

. . . .

"While I will continue my legal appeal of your decision to reprimand and fine me, I hope you can agree to allow me to apply the 5000.00 dollar fine monies to these charitable medical relief and research efforts. It is, of course, your decision to either keep the fine money or waive that fine in order to allow for this humanitarian alternative. If you elect to keep these monies I will expect their return in the event that the courts overturn your decision to *reprimand and fine* me as I fully anticipate they will." (Emphasis added.)

On appeal, plaintiff was obviously attempting to overturn the violation of K.S.A. 65-2836(c), which led to her reprimand and administrative fine. She does not contend error concerning the reprimand or administrative fine, other than her contention that her court martial conviction is not a violation of K.S.A. 65-2836(c) and, therefore, she could be neither administratively fined nor reprimanded. This becomes important because the Board contends plaintiff's appeal is moot because she acquiesced in the judgment by paying the fine. Kansas has followed the rule that when a judgment is rendered against a party and the judgment consists of separate and distinct parts, the acquiescence in and the payment of one of these separate parts by a party will not ordinarily cause a loss of the right to appeal the remaining separate parts of the judgment. *Wollard v. Peterson*, 145 Kan. 631, Syl. ¶ 1, 66 P.2d 375 (1937). In *Wollard*, defendant agreed he owed the principal judgment and some interest, but disputed he owed part of the interest and attorney fees. In the case before us, plaintiff challenges only the basis for the reprimand and administrative fine. They are inseparable. If plaintiff's position is correct, both the reprimand and administrative fine would have to be reversed. Thus, there are no separate parts of the appeal to be decided—only the question of whether the court martial conviction is a violation of K.S.A. 65-2836(c). Therefore, plaintiff's argument that the issue of the reprimand would still be viable if this court holds that she acquiesced as to the administrative fine fails.

Kansas has long followed a "different drummer" than the majority of states concerning acquiescence. The choice to treat acquiescence differently than most states was knowingly and deliberately made early in the case law of this state.

In 1894, this court held that a defendant, who was held in contempt of court and fined $50, acquiesced in the judgment even

though he paid the fine under protest and reserved the right to appeal. *The State v. Conkling*, 54 Kan. 108, 37 Pac. 992 (1894). In 1906, the occupant of a tract of land instituted proceedings to purchase the tract. The request was denied and he appealed. The tract was ordered sold at public auction and the occupant purchased the land and "[p]aid under protest." This court held in pertinent part:

"Quite early in the history of this court the position was taken that a party who complains of a judgment must be consistent in his conduct with reference to it, and if he recognizes its validity or acts contrary to the assumption that it is erroneous he will not be heard to say on appeal that it is erroneous. (*Babbitt v. Corby, Adm'x*, 13 Kan. 612.) In applying this rule less liberality of conduct has been permitted to appellants than many other courts of last resort are disposed to allow when dealing with the same subject, but manifestly the case must be determined according to those principles which have long been adopted and followed here. Appellant cites no decision of this court favoring his estimate of his rights, although the general question has been considered many times." *Seaverns v. The State*, 76 Kan. 920, 921-22, 93 Pac. 163 (1907).

In *Comeaux v. West*, 78 Kan. 404, 97 Pac. 381 (1908), restitution was ordered and an order of execution was authorized if possession of the property was not surrendered in 3 days. Defendant surrendered possession. This court held that the fact the decree ordered restitution and an execution for that purpose was authorized, but not issued, did not prevent acquiescence and dismissed the appeal. In the appeal before us, plaintiff makes the same argument, *i.e.*, that she was ordered to pay the administrative fine and she might be subject to further sanctions if she failed to pay the fine as ordered.

Plaintiff also argues she was misled by the Board's statement that her fine would be refunded if her appeal was successful. Similar arguments have failed in the past. See *The State v. Conkling*, 54 Kan. 108. In *Crouse v. Nixon*, 65 Kan. 843, 844, 70 Pac. 885 (1902), the members of a canvassing board complied with a court order *under written protest*. This court dismissed the appeal for compliance with the mandamus action. 65 Kan. at 845.

In *Waters v. Garvin* and *Waters v. Clyne*, 67 Kan. 855, 73 Pac. 902 (1903), the county commissioner paid court-ordered court costs on the condition that the costs should be paid back if the judgments should be reversed. This court held:

"If the board of county commissioners had intended to preserve the rights of the county to prosecute proceedings in error to this court, it should not have complied with the judgment of the court by paying the costs in the actions. After having done so there is no question open for dispute between the parties. The judgment of the court below having been complied with, nothing is left to litigate in this court. The conditions under which the costs were paid, that if the cases should be reversed and the costs collected from plaintiffs that they should be repaid to the county, does not serve the purpose of keeping the causes pending nor the judgments, the validity of which the board recognized by complying therewith, open."

Readers of this opinion are cautioned that in 1967 the legislature provided that payment of court costs (including court reporter fees) shall not be considered an acquiescence in the court so as to prevent an appeal by the person or persons paying such costs.

In *Mann v. Mann*, 140 Kan. 538, 38 P.2d 147 (1934), plaintiff appealed a judgment that divided property. Plaintiff was awarded a specific tract of land but was dissatisfied and appealed the judgment. Plaintiff then brought an action to recover rents and the possession of the specific tract. This court held:

"Either she was entitled to the real estate by virtue of the court's judgment or she was not entitled to it at all, and when she brought the action to recover rents and possession she had to base her claim of ownership on that judgment. We concede that appellant did not intend to prejudice her appeal, but as was said in *Bank v. Bracey*, 112 Kan. 677, 212 Pac. 675:

'In no case in which an appeal has been dismissed was it the intention of the party recognizing validity of the judgment to prejudice his appeal, and in several instances the intention not to prejudice the appeal was expressly declared.' (p. 679.)

"In that case appellant recognized the finality of the judgment by paying the costs awarded against it, and pleaded ignorance of the consequences of its act. Previous decisions of this court are discussed in the opinion to which reference is made. *See, also, the more recent case of Hyland v. Hogue, 131 Kan. 512, 292 Pac. 750, where, in an action consisting of several items, it was held that the appellant could not accept the amount allowed in his favor and perfect an appeal as to the remainder notwithstanding he expressly reserved in writing his right to proceed with the appeal.*

"The fact that appellant claimed in the amendment to her petition that the particular real estate was her separate property did not make her action in bringing suit for rents and possession consistent with the judgment rendered; on the contrary, it was inconsistent. She accepted in part the judgment in her favor and is bound thereby. Her appeal is dismissed." (Emphasis added.) 140 Kan. at 539-40.

In *Vap v. Diamond Oil Producers, Inc.*, 9 Kan. App. 2d 58, 671 P.2d 1126 (1983), a garnishment order was issued and the judgment was satisfied by payment of the garnishment order. Defendant then moved to set aside the garnishment order. On appeal, plaintiff contended defendant acquiesced in the judgment by allowing the garnishment to proceed. Plaintiff argued that defendant should have attempted to procure a stay of execution, to post a supersedeas bond, or to take action to halt the execution of the judgment. 9 Kan. App. 2d at 60.

The Court of Appeals panel held defendant acquiesced in the judgment by not requesting a stay (K.S.A. 60-262[b]) or by not obtaining a supersedeas bond (K.S.A. 60-2103[d]). 9 Kan. App. 2d at 61. As pointed out by Chief Judge J. Richard Foth in a concurring opinion, defendant had the cash available to post a supersedeas bond as demonstrated by the money produced by the garnishment of his bank account which paid the judgment in full.

In the appeal before us, plaintiff could have used the money which she used to pay the administrative fine to post a supersedeas bond. In any event, she could have applied to the Kansas Court of Appeals (the court having jurisdiction when the administrative fine was paid) for a stay under K.S.A. 60-262(b), which she could have done without cost. Plaintiff failed to request either a stay or to post a supersedeas bond from the only court having jurisdiction over her appeal. Thus, plaintiff is reduced to arguing that her attorney advised her to pay the fine. She requested a stay from the Board, and the Board informed her it had no jurisdiction to grant a stay, but it would pay the fine back *if* the decision was reversed on appeal.

Plaintiff, at all times, was represented by competent and experienced counsel. A majority of this court holds that plaintiff acquiesced in the judgment by paying the fine because she could have posted a supersedeas bond. In addition, although not necessary to our decision, plaintiff could have obtained a stay, in all likelihood, without having to post a supersedeas bond if she had applied to the Kansas Court of Appeals for a stay.

Appeal dismissed.

DAVIS, J., not participating.

JAMES W. PADDOCK, Senior Judge, assigned. ▮

SIX, J., dissenting: Dr. Huet-Vaughn has not acquiesced in the determination of her censure. The majority in Syl. ¶ 1 has stated the applicable law: "When a judgment is rendered against a party and the judgment consists of separate and distinct parts, the acquiescence in and the payment of one of these separate parts by a party will not ordinarily cause a loss of the right to appeal the remaining separate parts of the judgment."

The distinct and severable concept is well established in our case law on acquiescence in a judgment. See *Varner v. Gulf Ins. Co.*, 254 Kan. 492, 497, 866 P.2d 1044 (1994). Censure, the issue remaining on appeal here, is not affected by payment of the fine. We are concerned with distinct matters authorized by two separate statutes: censure (K.S.A. 65-2836) and a $5,000 fine (K.S.A. 65-2863a). The fine has been paid and Dr. Huet-Vaughn has acquiesced in that separate portion of the Board's sanction. By payment she has waived her appeal of the fine but not her appeal on the censure issue. The right of appeal is favored by the law. See *Brown v. Combined Ins. Co. of America*, 226 Kan. 223, 230, 597 P.2d 1080 (1979). If the Board wishes to refund the fine, as it suggests it would if she prevailed on the censure issue, it may do so voluntarily.

The legislature in a separate statute has vested the Board with authority to impose a fine "in addition" to censure.

K.S.A. 65-2863a provides:

"(a) The state board of healing arts, *in addition to any other penalty prescribed under the Kansas healing arts act,* may assess a civil fine, after proper notice and an opportunity to be heard, against a licensee for a violation of the Kansas healing arts act in an amount not to exceed $5,000 for the first violation." (Emphasis added.)

The K.S.A. 65-2863a "in addition to any other penalty" language, authorizing the assessment of a civil fine, is a statutory endorsement separating the fine, as a sanction, from the K.S.A. 65-2836 sanction of censure.

The majority concludes that the censure and the fine are not separable. The fine was paid; therefore, acquiescence applies to censure and to the fine. This interpretation disfavors the right to appeal. *Brown* teaches that this "favored right" cannot be waived " 'except upon clear and decisive grounds.' " 226 Kan. at 230 (citing 4 C.J.S. Appeal and Errors § 211, p. 396 now § 184, p. 254).

My search for "clear and decisive grounds" here has been unsuccessful. Applicable statutes and case law support reaching the merits of the dominant issue. The dominant issue is whether a military conviction for desertion with intent to avoid hazardous duty and shirk important service is "a felony or class A misdemeanor" under K.S.A. 65-2836.

K.S.A. 65-2836 provides in part,

"[T]he licensee may be publicly . . . censured, . . . upon a finding of the existence of any of the following grounds:

. . . .

(c) The licensee has been convicted of a felony or class A misdemeanor, whether or not related to the practice of the healing arts."

The Board's final order contains nine conclusions of law (paragraphs 5 through 13). All nine relate to the mandatory conviction-censure issue. Paragraph 5 also references the fine, acknowledging the separate statute authorizing the fine.

"A license to practice the healing arts may be revoked, suspended or limited, or a licensee may be publicly or privately censured as provided by K.S.A. 65-2836. *In addition, pursuant to K.S.A. 65-2863a, a licensee may be assessed an administrative fine in an amount not to exceed $5,000 for a violation of the healing arts act.*" (Emphasis added.)

The Board concludes in its order "that Respondent was convicted of a crime for which the punishment is comparable to that for a felony in the State of Kansas, and that Respondent is subject to discipline under the healing arts act." (Paragraph 11). The Board's military conviction conclusion is contrary to an earlier opinion of its presiding officer. Presiding officer Michael A. Barbara

concluded that Dr. Huet-Vaughn "has not been convicted of a felony or a class A misdemeanor within the meaning of K.S.A. 65-2836(c)." (February 25, 1993, Decision and Memorandum Opinion, Docket No. 92-00142; the docket number appealed from here is 97-000120).

A review of the acquiescence cases relied on by the majority suggests a pattern in the types of judgments at issue. The actions held to be in acquiescence were in accord with the judgment being appealed. For example:

| CASE | TYPE OF JUDGMENT APPEALED FROM | ACTION BY PARTY HELD ACQUIESCENCE |
|---|---|---|
| *State v. Conkling*, 54 Kan. 108, 37 Pac. 992 (1894) | (Conkling held in contempt for obstructing a court receiver, fined $50) | (Paid the $50) |
| Comeaux v. West, 78 Kan. 404, 97 Pac. 381 (1908) | (Cancellation of real estate contract and recovery of hotel property) | (Surrendered possession) |
| *Waters v. Garvin*, 67 Kan. 855, 73 Pac. 902 (1903) | (Board of County Commissioners ordered to pay court costs) | (Paid the costs) |
| *Mann v. Mann*, 140 Kan. 538, 38 P.2d 147 (1934) | (Division of property in divorce action) | (Ex-wife files separate action to recover rents and possession of property that court awarded to her in divorce action) |
| *Vap v. Diamond Oil Producers Inc.*, 9 Kan. App. 2d 58, 671 P.2d 1126 (1983) | (Garnishment order) | (Payment of the garnishment) |
| *Crouse v. Nixon*, 65 Kan. 843, 844, 70 Pac. 885 (1902) | (Mandamus to compel Board of Commissioners to accept election returns) | (Complied with order) |

None of the above cases involved appellants asserting separate and distinct parts of an order to counter a claim of acquiescence.

The majority says: "We emphasize that this appeal goes solely to the violation of K.S.A. 65-2836(c) and not to the individual pen-

alties authorized by K.S.A. 65-2863a and 65-2836. If we should agree with plaintiff that her court martial conviction and sentence are not violations of K.S.A. 65-2836(c), then both statutory penalties must be reversed." I disagree.

By characterizing the issue as the majority has, the rule of separate and distinct parts in Syllabus ¶ 1 is bypassed. Applying Syllabus ¶ 1, acquiescence could go only to the fine, with the censure issue to be decided on the merits.

*Varner* instructs us that "[w]hether in a given case a payment on a judgment is voluntary depends on the facts of the particular case as indicating an intention on the part of the payer to waive his legal rights." 254 Kan. 492, Syl. ¶ 4. The record does not reflect that Dr. Huet-Vaughn intended to waive her right to an appeal on the censure issue by paying the $5,000 additional fine. She was not litigating with an adversary before an impartial tribunal. Her tribunal was her adversary.

None of the cases relied on by the majority involve separate sanctions, each authorized by a different statute. The majority's authorities are factually dissimilar to the situation here.

The court should address the military conviction-censure issue.

LOCKETT, J., joins in the foregoing dissent.